**Ex parte R.H. WILLIAMS, Relator.**

**No. C–3730.**

Supreme Court of Texas.

April 24, 1985.

Rehearing Denied June 12, 1985.

LaSalle, Underwood and Moers, Arthur E. Moers, Jr., Carthage, for relator.

Sharp, Ward, Price and Hightower, James Sharp, Longview, for respondent.

HILL, Chief Justice.

This is an original habeas corpus proceeding. The trial court found relator, R.H. Williams, in contempt of court for violating an agreed temporary injunction. Williams was ordered to jail for three days and fined $150, but he was released on condition that he post a bond and prosecute an "appeal." [1] We hold that even though Williams is not presently incarcerated, the restraints on his liberty are enough for habeas corpus review. Since there is no evidence connecting Williams to the alleged contemptuous act, he is discharged from custody.

The Shelby County Landowners Association sued the Heart of East Texas Fox And Wolf Hunters Association Hunt to prohibit entry on their lands during the organized hunt scheduled to take place on October 11, 12 and 13, 1984 as well as other individual hunts. On October 10 the trial court granted an agreed temporary injunction in the case which prohibited R.H. Williams, among others, from committing the following acts on the property of Waylon Vaughn and other members of the Shelby County Landowners Association:

> Trespassing by men, horses, dogs, vehicles or by any other means on any property owned by the individual plaintiffs or the members of the Shelby County Landowners Association, a list of such members being attached to this order and expressly being made a part of this order.

At the hearing on the motion for contempt, Waylon Vaughn testified that Williams' land is located about a mile away from his property through some woods. He stated that on November 16, well after the organized October hunt had been held without incident, he was awakened by barking dogs. He then observed Williams' dog (a walker hound, commonly used for

---

1. The trial court erroneously confused the right to appeal with a writ of habeas corpus. The validity of a contempt judgment can be attacked only collaterally by writ of habeas corpus. *Deramus v. Thornton,* 160 Tex. 494, 333 S.W.2d 824, 827 (1960).

fox hunting) running in his backyard. He caught and chained the dog. Williams went over and picked it up when he returned from work that evening. Vaughn testified the only damage he sustained from this "trespass" was that he was awakened early, and his dogs were disturbed.

Williams testified that the dog had been a hunter, but since it was involved in a car accident, he had kept it for breeding purposes only. When he left for work at 7:30 a.m., the dog was still in its pen—an enclosure with a six-foot high hurricane fence which had three strands of barbed wire angling to the inside at the top. He testified that none of his dogs had scratched their way out of the pens before. He had not hunted with his dogs since October and felt the occurrence in question was just a "freak accident."

The trial court rendered a judgment finding Williams in contempt of court "by the trespass by his dog" in violation of the injunction. Punishment was assessed at three days in jail and a $150 fine. Williams was released on condition that he post a $3,000 bond and prosecute an appeal.

We discussed the necessity of actual incarceration to obtain habeas corpus relief in *Ex parte Beamer*, 116 Tex. 39, 285 S.W. 255 (1926), and *Ex parte Calhoun*, 127 Tex. 54, 91 S.W.2d 1047 (1936). In each case we refused to issue a writ of habeas corpus because the relators were not restrained at all. Nonetheless, we described the rule of law on the question in *Ex parte Calhoun*, 91 S.W.2d at 1048, as follows:

> It is not required that the applicant for a writ of habeas corpus be actually confined in a jail. Any character of restraint which precludes absolute and perfect freedom of action will justify the issuance of the writ. [Citation omitted.]

More recently, the United States Supreme Court and the Court of Criminal Appeals have held that one may be in custody for habeas corpus purposes despite the fact that such person has been released from jail on bail or personal bond. *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct.

1571, 36 L.Ed.2d 294 (1973); *Ex parte Trillo*, 540 S.W.2d 728, 731 (Tex.Cr.App.1976).

■ There are restraints on Williams' liberty. His incarceration is not a speculative possibility where the unfolding of events may render the controversy moot; his bond could be revoked at any time, resulting in his incarceration. Accordingly, we hold that Williams is entitled to a writ of habeas corpus though out on bond.

■ A contempt order is void absent proof that the contemnor violated the temporary injunction of the trial court. *Ex parte Green*, 603 S.W.2d 216 (Tex.1980). We hold the contempt order is void because there is no evidence connecting Williams to the act of his dog. He kept it in an elaborate enclosure; it was in the pen when he left for work; and he was not with the dog when it entered Vaughn's land. Consequently, Williams is entitled to a writ of habeas corpus.

The relator is discharged from custody.