Lisa Ann McCOY, Appellant,

v.

Michael Bernard McCOY, Appellee.

No. 01–94–00765–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 21, 1995.

Gerald B. Scheve, Houston, for appellant.

Jacqueline Smith, Houston, for appellee.

Before O'CONNOR, ANDELL and HUTSON–DUNN, JJ.

### OPINION

HUTSON–DUNN, Justice.

Lisa Ann McCoy appeals an "order for enforcement and for suspension of commitment." Lisa and her husband, Michael Bernard McCoy, were divorced on November 9, 1993. The court appointed Lisa managing conservator and Michael possessory conservator of the parties' only child. On March 7, 1994, Michael filed a "motion for enforcement and order to appear" on the basis that Lisa

had not complied with the court's custody order because she had refused to surrender the child to Michael for visitation on five separate occasions. After hearing evidence on the motion and considering the pleadings and arguments of counsel, the court found that Lisa violated the custody order on four occasions and the court ordered that she be punished with both civil and criminal contempt by confinement in jail. The court further ordered that Lisa's commitment be suspended and that she be placed on unsupervised suspension for a period of one year conditioned upon Lisa complying with certain terms and conditions. We dismiss this case for want of jurisdiction.

■ Decisions in contempt proceedings are not appealable. *Ex parte Williams,* 690 S.W.2d 243, 243 n. 1 (Tex.1985); *Metzger v. Sebek,* 892 S.W.2d 20, 54 (Tex.App.—Houston [1st Dist.] 1994, writ denied). The validity of a contempt order can only be attacked by a writ of habeas corpus. *Metzger,* 892 S.W.2d at 54.[1]

Lisa has not applied for a writ of habeas corpus, but has instead attempted to appeal from the contempt proceedings below. Considering the above authorities, we hold that we have no jurisdiction to hear Lisa's appeal from the contempt proceedings.

We dismiss the appeal for want of jurisdiction.

---

1. *But see Kidd v. Lance,* 794 S.W.2d 586, 587 n. 1 (Tex.App.—Austin 1990, orig. proceeding) (citing *Deramus v. Thornton,* 160 Tex. 494, 333 S.W.2d 824, 827 (1960), and holding that mandamus is the only available remedy where there is no order of confinement.) We also note that this Court has held that probation is a sufficient restraint on liberty to permit the filing of a writ of habeas corpus. *Ex parte Duncan,* 796 S.W.2d 562 (Tex.App.—Houston [1st Dist.] 1990, no writ).