Opinion issued March 5, 2003

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00959-CV






IN RE RACHEL LOOK, Relator






Original Proceeding on Petition for Writ of Habeas Corpus or Original
Petition for Writ of Mandamus and Writ of Prohibition






MEMORANDUM OPINION


 Relator Rachel Look requests habeas corpus relief, or, alternatively, mandamus
or writ of prohibition relief. We deny any of Rachel's requested relief. 

Factual Background

 Rachel and David Catching, the parents of two minor children, divorced in
1991. In the 1991 decree, the trial court provided that Rachel make certain child
support payments. In December 1999, the trial court modified the child support order
by increasing Rachel's child support payments.

 In August 2000, David filed against Rachel a motion for enforcement by
contempt of child support orders. On November 21, 2000, the trial court held Rachel
in contempt of several of its child support orders. It found Rachel's child support
arrearage to be $11,000, and assessed $500 attorney's fees against her. As a punitive
contempt sentence, the trial court assessed her six months confinement for each of the
75 violations. For a coercive contempt measure, the trial court ordered her confined
until she paid the arrearage and attorney's fees. The trial court suspended her
commitment, however, and placed her on community supervision for 36 months or
until the sum of $11,500 was paid, whichever occurred first. The trial court ordered
Rachel to pay the $11,500 at the rate of $350 per month until the entire $11,500 was
paid. The suspension of commitment order contained no provision that Rachel report
to a community supervision officer or that otherwise imposed restrictions on her
beyond the arrearage payments.

 On January 7, 2002, David filed a motion to revoke Rachel's suspension of
commitment, alleging her failure to make certain arrearage payments. In a February
15, 2002 order, the trial court denied the motion to revoke Rachel's suspension of
commitment, but modified the November 21, 2000 contempt order by finding that
Rachel had reduced the total arrearage to $6,492.26, assessing her an additional
$1,500 attorney's fees, and increasing the amount of her monthly arrearage payments
to $450. In the order, the trial court stated that all other provisions of the November
21, 2000 contempt order remained in full force and effect. The February 15, 2002
order added no other restrictions to Rachel's freedom.

 In her petition, Rachel stated that her liberty is restrained by the trial court's
February 15, 2002 order. 

Analysis

 Contempt orders that do not involve confinement cannot be reviewed by writ
of habeas corpus. In Re Long, 984 S.W.2d 623, 625 (Tex. 1999). Thus, a threshold
issue, with respect to Rachel's request for habeas corpus relief, is whether the
February 15, 2002 order "confines" Rachel.

 The Texas Supreme Court examined such an issue in Ex Parte Williams, 690
S.W.2d 243 (Tex. 1985). In Williams, the trial court found Williams in contempt,
assessed punishment of three days in jail and a $150 fine, and then released him on
the condition that he post a $3,000 bond and prosecute an "appeal." (1) Id. In holding
that Williams was sufficiently restrained to entitle him to habeas corpus review of the
contempt order, the Supreme Court stated: "His incarceration is not a speculative
possibility where the unfolding of events may render the controversy moot; his bond
could be revoked at any time, resulting in his incarceration." Id. at 244.

 The instant case is unlike Williams in that Rachel's incarceration is a
speculative possibility. The February 15, 2002 order did not provide for her
confinement, and, if she timely complies with its provisions of making the $450 per
month arrearage payments until she pays the $7,992.26, she will not be confined. 
Rachel is not subject to the payment of monthly statutory supervisory fees,
participation in a counseling program, or submission to house arrest or electronic
monitoring. See, e.g., Ex parte Brister, 801 S.W.2d 833, 834 (Tex. 1990).

 Accordingly, we hold Rachel has not sustained her burden of showing she is
restrained. See Tex. R. App. P. 52.3(j)(1)(D). We deny habeas corpus relief.

 In the alternative, Rachel has requested mandamus or writ of prohibition relief. 
Texas Rule of Appellate Procedure 52.3(h) requires that the relator make clear and
concise argument for the contentions made with appropriate citations to authorities
and to the appendix or record. Relator's petition contains no citations to authorities
to support her request for mandamus or writ of prohibition relief. Those requests are
denied.

 

 Evelyn Keyes

 Justice

 

Panel consists of Justices Taft, Keyes, and Higley.
1. The Court noted that the trial court erroneously confused the right to
appeal with a request for habeas corpus relief. Williams, 690 S.W.2d at
243 n.1.