hodge v. hicks airfield

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-012-CV

ANTHONY HODGE APPELLANT

V.

HICKS AIRFIELD, INC. AND APPELLEES

HICKS AIRFIELD PILOTS ASSOCIATION

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Anthony Hodge seeks to appeal from an order holding him in contempt of court for violating a permanent injunction, and denial of his motion to dissolve the permanent injunction.  We dismiss the appeal for want of jurisdiction.

Background

On August 6, 2002, Appellees filed a motion for contempt alleging Appellant had violated a permanent injunction signed by the parties and the court in 1998.  Appellant responded by denying the allegations and requesting the court dissolve the permanent injunction. 

On October 17, 2002, the court determined that Appellant was guilty of violating the permanent injunction.  The court assessed 30 days’ confinement in the Tarrant County jail for each act of contempt, with these periods to run consecutively.  The order also awarded Appellee Hicks Airfield Pilots Association $8,000 in attorney’s fees. 

Appellant filed a notice of appeal stating he sought to appeal the contempt judgment and the denial of his motion to vacate the  permanent injunction.
(footnote: 2)  

On February 7, 2003, this court notified Appellant it was concerned it lacked jurisdiction over this appeal because a contempt judgment is generally not appealable, and the trial court clerk had confirmed that no judgment had been signed denying Appellant’s motion to dissolve the permanent injunction.  This court requested Appellant address the jurisdiction issue and informed Appellant that if we determined we did not have jurisdiction, the appeal would be dismissed.  Appellant has not responded.

Discussion
 

A.  Contempt judgment

Contempt judgments are generally not appealable.  
Ex parte Williams
, 690 S.W.2d 243, 243 n.1 (Tex. 1985) (orig. proceeding) (holding validity of  contempt judgment cannot be attacked by way of appeal, validity can only be challenged collaterally by writ of habeas corpus); 
cf.
 
In re Long
, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (holding contempt judgment that does not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus).  Appellant has offered no basis for this court’s jurisdiction over the trial court’s contempt judgment and we have found none.  Accordingly, we hold we lack jurisdiction to review the trial court’s contempt judgment.      

B.  Denial of motion to dissolve permanent injunction

The general rule, with a few mostly statutory exceptions regarding interlocutory appeals, is that an appeal may only be taken from a final judgment.  
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001).  No judgment or order, final or interlocutory, has been signed by the trial court regarding Appellant’s motion to dissolve the permanent injunction.  Accordingly, we hold we lack jurisdiction over this matter.

Conclusion
 

We dismiss this appeal for want of jurisdiction.  
Tex. R. App. P. 
42.3(a).
 

PER CURIAM

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: March 27, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
On October 21, 2002, Hodge filed an original petition for writ of habeas corpus in this court, challenging the validity of the trial court’s contempt judgment.  On November 6, 2002, this court issued an opinion denying the relief sought.  
In re Hodge
, No. 2-02-353-CV (Tex. App.—Fort Worth Nov. 6, 2002,  orig. proceeding) (not designated for publication).