COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-012-CV
 
ANTHONY HODGE                                                                         APPELLANT
V.
HICKS AIRFIELD, INC. AND                                                                 APPELLEES
HICKS AIRFIELD PILOTS ASSOCIATION
------------
FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Anthony Hodge seeks to appeal
from an order holding him in contempt of court for violating a permanent
injunction, and denial of his motion to dissolve the permanent injunction. We
dismiss the appeal for want of jurisdiction.
Background
On August 6, 2002, Appellees filed a
motion for contempt alleging Appellant had violated a permanent injunction
signed by the parties and the court in 1998. Appellant responded by denying the
allegations and requesting the court dissolve the permanent injunction.
On October 17, 2002, the court determined
that Appellant was guilty of violating the permanent injunction. The court
assessed 30 days' confinement in the Tarrant County jail for each act of
contempt, with these periods to run consecutively. The order also awarded
Appellee Hicks Airfield Pilots Association $8,000 in attorney's fees.
Appellant filed a notice of appeal stating
he sought to appeal the contempt judgment and the denial of his motion to vacate
the permanent injunction.(2)
On February 7, 2003, this court notified
Appellant it was concerned it lacked jurisdiction over this appeal because a
contempt judgment is generally not appealable, and the trial court clerk had
confirmed that no judgment had been signed denying Appellant's motion to
dissolve the permanent injunction. This court requested Appellant address the
jurisdiction issue and informed Appellant that if we determined we did not have
jurisdiction, the appeal would be dismissed. Appellant has not responded.
Discussion
A. Contempt judgment
Contempt judgments are generally not
appealable. Ex parte Williams, 690 S.W.2d 243, 243 n.1 (Tex. 1985)
(orig. proceeding) (holding validity of contempt judgment cannot be attacked by
way of appeal, validity can only be challenged collaterally by writ of habeas
corpus); cf. In re Long, 984 S.W.2d 623, 625 (Tex. 1999)
(orig. proceeding) (holding contempt judgment that does not involve confinement
cannot be reviewed by writ of habeas corpus, and the only possible relief is a
writ of mandamus). Appellant has offered no basis for this court's jurisdiction
over the trial court's contempt judgment and we have found none. Accordingly, we
hold we lack jurisdiction to review the trial court's contempt judgment.
B. Denial of motion to dissolve
permanent injunction
The general rule, with a few mostly
statutory exceptions regarding interlocutory appeals, is that an appeal may only
be taken from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001). No judgment or order, final or interlocutory, has been
signed by the trial court regarding Appellant's motion to dissolve the permanent
injunction. Accordingly, we hold we lack jurisdiction over this matter.
Conclusion
We dismiss this appeal for want of
jurisdiction. Tex. R. App. P. 42.3(a).
 
                                                                        PER
CURIAM
 
PANEL D: HOLMAN, GARDNER, and WALKER, JJ.
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.
2. On October 21, 2002, Hodge filed an original petition
for writ of habeas corpus in this court, challenging the validity of the trial
court's contempt judgment. On November 6, 2002, this court issued an opinion
denying the relief sought. In re Hodge, No. 2-02-353-CV (Tex.
App.--Fort Worth Nov. 6, 2002, orig. proceeding) (not designated for
publication).