NUMBER 13-05-198-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ROGER GERDES, JR.,                                                        Appellant,

v.

JOHN KENNAMER,                                                            Appellee.
___________________________________________________________________

On appeal from the 23rd District Court 
of Matagorda County, Texas
___________________________________________________________________

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion Per Curiam

         On February 10, 2003, Roger Gerdes was held in contempt and jailed for failing
to comply with two turnover orders. By subsequent order, Gerdes was again held in
contempt for violating an injunction pertaining to the preservation of property subject
to final judgment. The court’s order provides, in part:
Gerdes is already incarcerated in the Matagorda County Jail, having been
held in contempt by this Court’s order of February 10, 2003. Because
he may be held on that contempt finding until March 16, 2005 (which is
18 months after he was first confined), it is this Court’s order that
Gerdes continue to be confined for so long after March 16, 2005 until
the earlier of (a) Gerdes’ compliance with all of this Court’s turnover
orders, including the orders dated October 14, 2002, December 2, 2002,
and January 8, 2003, or (b) the expiration of 18 months after March 16,
2005.

Gerdes attempts to appeal this order. 
         On March 28, 2005, the Clerk of this Court notified appellant that it did not
appear that the order subject to appeal was an appealable order, and requested
correction of the defect, if it could be done. Appellant was advised that, if the defect
were not corrected within ten days from the date of receipt of this notice, the appeal
would be dismissed for want of jurisdiction. See Tex. R. App. P. 42.3. To date,
appellant has failed to respond to this Court's notice. We dismiss this appeal for want
of jurisdiction.
         The validity of a contempt order cannot be attacked by direct appeal. See
Norman v. Norman, 692 S.W.2d 655, 655 (Tex. 1985); Ex parte Williams, 690
S.W.2d 243, 243 n.1 (Tex. 1985). Contempt orders must be reviewed by an
application for writ of habeas corpus, if the contemnor has been confined, or by a
petition for writ of mandamus, if the contemnor has not been confined. Rosser v.
Squier, 902 S.W.2d 962, 962 (Tex. 1995); Ex parte Casillas, 25 S.W.3d 296, 297
n.1 (Tex. App.–San Antonio 2000, orig. proceeding).
         Because we do not have jurisdiction to consider Gerdes’s complaint regarding
the contempt order by appeal, we DISMISS this appeal for want of jurisdiction. All
pending motions are denied as moot.
                           
                                                                                 PER CURIAM

Memorandum Opinion delivered and filed 
this the 5th day of May, 2005.