NUMBER 13-05-222-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
__________________________________________________________________

ALBERT ACEVEDO, JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
__________________________________________________________________

On appeal from County Court at Law No. 1
of Victoria County, Texas.
___________________________________________________________________

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion Per Curiam

         Attorney, Albert Acevedo, Jr., attempts to appeal an order of the trial court
holding him in contempt, imposing a $3,000 fine, and assessing ten days of
confinement in the Victoria County Jail. We dismiss the appeal for want of
jurisdiction. 
         The trial court’s judgment of contempt states that appellant was held in
contempt for his “contumacious” failure to appear on behalf of his client and his failure
to appear at his own contempt hearing. According to the trial court’s findings,
appellant, who represented the defendant in a criminal case, waived arraignment on 
behalf of his client on December 1, 2004. The case was set for announcements on
January 19, 2005. On that date, appellant telephoned the trial court and requested
a continuance of the case. The trial court requested that appellant provide a “date
certain” for appearance in the criminal case. Appellant assured the court that he
could appear for announcements on February 9, 2005. 
         On February 9, 2005, appellant failed to appear for announcements, although
he attempted to file a motion for continuance by facsimile with the Victoria County
Clerk. The clerk was not, however, apparently authorized to accept filings by
facsimile. 
         On February 10, 2005, the trial court issued a show-cause citation for contempt
which was served on appellant on February 16, 2005. Appellant timely appeared at
the show-cause hearing on February 23, 2005 and moved to recuse the sitting judge
of the county court at law. The Presiding Judge of the Fourth Administrative Judicial
Region assigned a judge to hear the recusal. The show-cause hearing was rescheduled
for March 24, 2005. 
         On the morning of the show-cause hearing, Acevedo contacted the court and
indicated that he could not appear at the show-cause hearing due to a conflicting trial
setting. The assigned judge held the show-cause hearing in Acevedo’s absence and
entered the order of contempt at issue in this attempted appeal. 
         On April 7, 2005, the Clerk of this Court notified appellant that it did not appear
that the order subject to appeal was an appealable order, and requested correction of
the defect, if it could be done. Appellant was advised that, if the defect were not
corrected within ten days from the date of receipt of this notice, the appeal would be
dismissed for want of jurisdiction. See Tex. R. App. P. 42.3. To date, appellant has
failed to respond to the Court's notice. 
         The validity of a contempt order cannot be attacked by direct appeal. See
Norman v. Norman, 692 S.W.2d 655, 655 (Tex. 1985); Ex parte Williams, 690
S.W.2d 243, 243 n.1 (Tex. 1985). Contempt orders must be reviewed by an
application for writ of habeas corpus, if the contemnor has been confined, or by a
petition for writ of mandamus, if the contemnor has not been confined. Rosser v.
Squier, 902 S.W.2d 962, 962 (Tex. 1995); Ex parte Casillas, 25 S.W.3d 296, 297
n.1 (Tex. App.–San Antonio 2000, orig. proceeding).
         Because we do not have jurisdiction to consider appellant’s complaints regarding
the contempt order by appeal, we DISMISS this appeal for lack of jurisdiction. In the
event appellant chooses to file an original proceeding regarding this order, see generally
Tex. R. App. P. 52, this Court will entertain a motion to transfer any properly filed
records from this appeal to the newly filed original proceeding.
 
                                                               PER CURIAM
Do not publish.
Tex. R. App. P. 47.2(b).
Opinion delivered and filed this
the 12th day of May, 2005.