COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-113-CV

 

 

IN THE INTEREST OF E.L.K., MINOR CHILD                              APPELLANT

 

                                                                                                        

 

                                              ------------

 

            FROM
THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Nikolai Karenev
appeals from the trial court=s March 3, 2007 order reducing to judgment a $33,934 child support
arrearage owed by Appellant to his ex-wife, Appellee Elena Petkova
Kareneva.  The order expressly reserves
to a later date Appellee=s claim for
attorney=s fees.

 

 








On April 4, 2007, we notified
the parties that we were concerned that this court lacks jurisdiction over the
order because of the open issue of attorney=s fees.[2]  We indicated that this case could be
dismissed for want of jurisdiction if the parties did not show grounds for
continuing the appeal.  Appellant=s response does not show grounds for continuing the appeal.[3]

 








We conclude that the trial
court=s March 3, 2007 order is neither a final judgment nor an appealable
interlocutory order.[4]  Accordingly, we dismiss this appeal for want
of jurisdiction.[5]  See Tex.
R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

PANEL D: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
May 3, 2007











[1]See Tex. R.
App. P. 47.4.





[2]See Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule that an
appeal may be taken only from a final judgment).





[3]Our letter to the parties also
questioned whether that portion of the trial court=s March 3, 2007 order dealing with
contempt was appealable.  See Ex parte
Williams, 690 S.W.2d 243, 243 n.1 (Tex. 1985) (orig. proceeding).  In his response, Appellant states that the
only portion of the trial court=s order that he seeks to appeal is that portion pertaining
to a judgment against him for child support arrearage.





[4]See
Lehmann, 39 S.W.3d at 192-93 (A[A] judgment issued without a
conventional trial is final for purposes of appeal if and only if either it actually
disposes of all claims and parties then before the court, regardless of its
language, or it states with unmistakable clarity that it is a final judgment as
to all claims and all parties.@); Rutledge-Henderson v.
Henderson, No. 2-06-195-CV, 2006 WL 2692568, at *1 (Tex. App.CFort
Worth Sept. 21, 2006, no pet.) (mem. op.) (dismissing appeal for want of
jurisdiction because issue of attorney=s fees in family law case
remained open issue in trial court); see also Tex. Civ. Prac. & Rem. Code Ann. '
51.014(a) (Vernon Supp. 2006) (listing appealable interlocutory orders).





[5]We deny Appellant=s motion to consolidate this appeal
with cause no. 2-06-269-CV pending in this court.