COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-113-CV

IN THE INTEREST OF E.L.K., MINOR CHILD APPELLANT

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Nikolai Karenev appeals from the trial court’s March 3, 2007 order reducing to judgment a $33,934 child support arrearage owed by Appellant to his ex-wife, Appellee Elena Petkova Kareneva.  The order expressly reserves to a later date Appellee’s claim for attorney’s fees.

On April 4, 2007, we notified the parties that we were concerned that this court lacks jurisdiction over the order because of the open issue of attorney’s fees.
(footnote: 2)  We indicated that this case could be dismissed for want of jurisdiction if the parties did not show grounds for continuing the appeal.  Appellant’s response does not show grounds for continuing the appeal.
(footnote: 3)

We conclude that the trial court’s March 3, 2007 order is neither a final judgment nor an appealable interlocutory order.
(footnote: 4)  Accordingly, we dismiss this appeal for want of jurisdiction.
(footnote: 5)  
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  May 3, 2007

FOOTNOTES
1:
See
 Tex. R. App. P
.
 47.4.

2:
See 
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001)
 (providing general rule that an appeal may be taken only from a final judgment).

3:
Our letter to the parties also questioned whether that portion of the trial court’s March 3, 2007 order dealing with contempt was appealable.  
See Ex parte Williams
, 690 S.W.2d 243, 243 n.1 (Tex. 1985) (orig. proceeding).  In his response, Appellant states that the only portion of the trial court’s order that he seeks to appeal is that portion pertaining to a judgment against him for child support arrearage.

4:
See Lehmann
, 39 S.W.3d at 192-93 (“[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.”); 
Rutledge-Henderson v. Henderson
, No. 2-06-195-CV, 2006 WL 2692568, at *1 (Tex. App.—Fort Worth Sept. 21, 2006, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because issue of attorney’s fees in family law case remained open issue in trial court); 
see also
 Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a) (Vernon Supp. 2006) (listing appealable interlocutory orders).

5:
We deny Appellant’s motion to consolidate this appeal with cause no. 2-06-269-CV pending in this court.