COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-399-CV

 

 

GAYLE E. COPPOCK                                                            APPELLANT

 

                                                   V.

 

RAYMOND L. COPPOCK                                                          APPELLEE

 

                                              ------------

 

            FROM
THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Gayle E. Coppock (AGayle@) and
Raymond L. Coppock (ARaymond@) divorced on March 1, 2004.  In
2006 and 2007, Gayle and Raymond both moved to enforce the trial court=s nunc pro tunc final decree of divorce.  Gayle is attempting to appeal the trial court=s November 8, 2007 order of enforcement by contempt and suspension of
commitment in which the trial court found that Gayle was guilty of eighty-four
violations of the nunc pro tunc final decree of divorce and that she Awillfully and contumaciously violated the injunction by communicating
with [Raymond] in writing in a coarse and offensive manner@; committed her to 180 days= confinement for each violation;[2]
and suspended that commitment and placed her on community supervision for three
years.  

Gayle has moved to abate her
appeal, stating that the Supreme Court of Texas is considering a petition for
writ of mandamus she filed in that court that may have the same issues as this
appeal.[3]  Raymond has moved to dismiss Gayle=s appeal. 

The validity of a contempt
judgment can be attacked only by a writ of habeas corpus.[4]  We have no jurisdiction over appeals from
contempt orders.[5]









Accordingly, we deny Gayle=s motion to abate and grant Raymond=s motion to dismiss.  The appeal
is dismissed for want of jurisdiction.[6]

 

PER CURIAM

 

PANEL
A:  CAYCE, C.J.; LIVINGSTON and WALKER,
JJ.

 

DELIVERED:  April 3, 2008    
                       











[1]See Tex. R. App. P. 47.4.





[2]The
trial court organized the eighty-four violations in three groups.  The terms of confinement in each group were
ordered to run concurrently, but each of the three resulting terms were ordered
to be served consecutively.  The trial
court further assessed $8,773.50 in attorney=s fees against Gayle. 





[3]Gayle
also filed a petition for writ of mandamus in this court, which we denied on
January 4, 2008. 





[4]See
Ex parte Williams, 690 S.W.2d 243, 243 n.1 (Tex. 1985) (orig.
proceeding) (holding that A[t]he validity of a contempt
judgment can be attacked only collaterally by writ of habeas corpus@); Ex
parte Martinez, No. 07-07-00337-CR, 2007 WL 2362600, at *1 (Tex. App.CAmarillo
Aug. 20, 2007, no pet.) (mem. op.); Wood v. Wood, No. 02-05-00278-CV,
2005 WL 2248562, at *1 (Tex. App.CFort Worth Sept. 15, 2005, no
pet.) (mem. op.); McCoy v. McCoy, 908 S.W.2d 42, 43 (Tex. App.CHouston
[1st Dist.] 1995, no writ).





[5]See
Wood, 2005 WL 2248562, at *1; In re A.M., 974 S.W.2d 857, 861 (Tex.
App.CSan
Antonio 1998, no pet.).





[6]See Tex. R. App. P. 42.3(a), 43.2(f).