

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-399-CV

GAYLE E. COPPOCK                                              APPELLANT

V.

RAYMOND L. COPPOCK                                            APPELLEE

------------

## FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Gayle E. Coppock ("Gayle") and Raymond L. Coppock ("Raymond")
divorced on March 1, 2004. In 2006 and 2007, Gayle and Raymond both
moved to enforce the trial court's nunc pro tunc final decree of divorce. Gayle
is attempting to appeal the trial court's November 8, 2007 order of
enforcement by contempt and suspension of commitment in which the trial

---

[1] *See* Tex. R. App. P. 47.4.

court found that Gayle was guilty of eighty-four violations of the nunc pro tunc final decree of divorce and that she "willfully and contumaciously violated the injunction by communicating with [Raymond] in writing in a coarse and offensive manner"; committed her to 180 days' confinement for each violation;[2] and suspended that commitment and placed her on community supervision for three years.

Gayle has moved to abate her appeal, stating that the Supreme Court of Texas is considering a petition for writ of mandamus she filed in that court that may have the same issues as this appeal.[3] Raymond has moved to dismiss Gayle's appeal.

The validity of a contempt judgment can be attacked only by a writ of habeas corpus.[4] We have no jurisdiction over appeals from contempt orders.[5]

---

[2] The trial court organized the eighty-four violations in three groups. The terms of confinement in each group were ordered to run concurrently, but each of the three resulting terms were ordered to be served consecutively. The trial court further assessed $8,773.50 in attorney's fees against Gayle.

[3] Gayle also filed a petition for writ of mandamus in this court, which we denied on January 4, 2008.

[4] *See Ex parte Williams*, 690 S.W.2d 243, 243 n.1 (Tex. 1985) (orig. proceeding) (holding that "[t]he validity of a contempt judgment can be attacked only collaterally by writ of habeas corpus"); *Ex parte Martinez*, No. 07-07-00337-CR, 2007 WL 2362600, at *1 (Tex. App.—Amarillo Aug. 20, 2007, no pet.) (mem. op.); *Wood v. Wood*, No. 02-05-00278-CV, 2005 WL 2248562, at *1 (Tex. App.—Fort Worth Sept. 15, 2005, no pet.) (mem. op.); *McCoy v. McCoy*, 908 S.W.2d 42, 43 (Tex. App.—Houston [1st Dist.] 1995,

Accordingly, we deny Gayle's motion to abate and grant Raymond's motion to dismiss. The appeal is dismissed for want of jurisdiction.[6]

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: April 3, 2008

---

no writ).

[5] *See Wood*, 2005 WL 2248562, at *1; *In re A.M.*, 974 S.W.2d 857, 861 (Tex. App.—San Antonio 1998, no pet.).

[6] *See* TEX. R. APP. P. 42.3(a), 43.2(f).