

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00082-CV
_____

IN RE:
JUSTIN LANE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In the dispute between father, Thomas Derwood Lane, and son, Justin Lane, concerning an automobile dealership in which both claim an interest, Justin was ordered[1] to return certain property he had removed from the dealership. When the deadline for Justin's return of that property had passed, a motion for contempt was filed by Thomas, a show-cause hearing was set, and notice of that hearing was served on Justin. When Justin did not appear at that hearing, the trial court issued a writ of attachment on Justin's person.[2] By petition for writ of mandamus,[3] Justin asks that we order the trial court to release Justin from the writ of attachment or to dismiss the motion for contempt and vacate its order for issuance of the attachment. Because Justin has not shown himself to be entitled to the relief requested, we deny the petition.

Mandamus is an extraordinary remedy that is available only when the record establishes a clear abuse of discretion or the violation of a duty imposed by law and the absence of an adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). A trial court abuses its discretion if it acts in an arbitrary or

---

[1]The order was styled as a writ of injunction, issued on the same date a receiver was appointed for the car dealership.

[2]The trial court's order for issuance of a writ of attachment commands

> any sheriff or constable within the State of Texas to take Justin Lane immediately into his custody and bring him before this Court for the purposes of showing cause why he should not be held in contempt of court for 1) violating the Court's Writ of Injunction and Order Appointing Receiver, and 2) failing to appear at the August 3, 2012 Show-Cause Hearing.

The writ of attachment issued August 6.

[3]At the time his petition was filed, Justin was not incarcerated.

unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Justin's request for relief is based on the premise that his partnership with Thomas in the automobile dealership is an illegal partnership, denying Thomas any standing or legal right to obtain any relief from the court to enforce the partnership or to preserve or protect its assets. Justin maintains that the only legal and dispositive order the trial court is authorized to issue is one dismissing the motion for contempt and vacating the writ of attachment.

Justin's explanation for his stated position is that he is operating the automobile dealership without a license, in violation of the Texas Transportation Code, making the partnership illegal. Section 503.021 of the Code provides:

> A person may not engage in business as a dealer, directly or indirectly, including by consignment, without a dealer general distinguishing number in one of the categories described by Section 503.020(a)(6) for each location from which the person conducts business as a dealer.

TEX. TRANSP. CODE ANN. § 503.021 (West Supp. 2012). Justin contends that Thomas' assisting in Justin's unlicensed efforts to sell automobiles in Gregg County and Justin's sharing in the profits as an alleged partner renders the partnership illegal.

In support of this proposition, Justin relies on *Green v. Meadows*, 517 S.W.2d 799, 811 (Tex. App.—Houston [1st Dist.] 1974), *rev'd on other grounds*, 524 S.W.2d 509 (Tex. 1975). *Meadows* involved a partnership in which one of the two partners did not have a license to operate a customs house brokerage business. The governing statute required, however, that a partnership must have at least *two* persons holding such a license. *Meadows*, 517 S.W.2d at 804.

3

The partnership, operating with only one license, was therefore operating in violation of federal statutes and rules and regulations formulated by the Secretary of the Treasury. *Id.* at 811. "Such a partnership is illegal and void and the courts will not enforce such a contract of partnership but will simply leave the parties where it finds them." *Id.*

*Meadows*, however, is clearly not applicable to the case before us. It was decided under a different statute, one applicable to a customs house brokerage business, requiring a minimum of two licenses, which were not present in that case. The applicable statute here requires only one dealer general distinguishing number for a location.[4] Here, it is undisputed that Thomas holds a dealer general distinguishing number in the name of Thomas Lane d/b/a Lane's Auto Sales. Justin has thus failed to provide us any authority that the trial court abused its discretion in refusing to declare the partnership illegal.

Justin further requests the issuance of a writ of habeas corpus ordering his release "from any restraint of his liberty." Normally, a writ of habeas corpus is not available when the person requesting such a writ is not incarcerated. The confinement requirement of habeas corpus review is not always limited, however, to actual incarceration. *See Ex parte Brister*, 801 S.W.2d 833, 835 (Tex. 1990) (orig. proceeding) (probated sentence conditioned on payment of fees, participation in outpatient family counseling program, submission to house arrest, and electronic monitoring constituted restraint on liberty sufficient to entitle contemnor to habeas corpus review); *Ex parte Williams*, 690 S.W.2d 243 (Tex. 1985) (orig. proceeding) (contemnor ordered

---

[4]While we need not address the intricacies of this matter, the applicable law requires a dealer distinguishing number for each dealership location. TEX. TRANSP. CODE ANN. § 503.021 (West Supp. 2012). And a dealer may be an individual or a partnership, among other legal entities. 43 TEX. ADMIN. CODE § 201.132(8).

4

to jail for three days and fined $150.00, but released on condition that he post bond and prosecute appeal was sufficient restraint on liberty for habeas corpus review).

Justin claims entitlement to habeas corpus review based on the outstanding writ of attachment for his arrest.[5] Even assuming the writ of attachment is sufficient to invoke habeas relief, Justin has failed to show entitlement to such relief. *See Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding) (purpose of habeas corpus proceeding is to determine whether contemnor was afforded due process of law or if order of contempt is void). The presumption is that the order is valid. *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). Justin maintains the trial court abused its discretion in entering the attachment order based on the alleged illegal partnership. As previously explained, we find no merit in this contention and thus deny the requested habeas corpus relief.[6]

Justin has failed to establish that the trial court abused its discretion in issuing the writ of attachment. Accordingly, Justin is not entitled to mandamus relief.[7]

---

[5]Justin has not been held in contempt of court.

[6]Alternatively, Justin requests this Court to order the trial court to dismiss the contempt motion and to vacate the order for issuance of writ of attachment and the writ of attachment, claiming the trial court abused its discretion in entertaining the motion for contempt and in issuing the attachment order. This argument is based on the premise that the alleged partnership between Justin and Thomas is illegal. For the reasons previously explained, we find no merit in this contention. The validity of an order resulting in confinement is generally reviewable only by way of a writ of habeas corpus. *See, e.g.*, *Williams*, 690 S.W.2d at 244. If there is no confinement, then the proper remedy is writ of mandamus. *See, e.g.*, *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding).

[7]Since Justin has failed to establish a clear abuse of discretion, it follows that we need not address the issue of whether he has an adequate remedy at law. *See Walker*, 827 S.W.2d at 840. Parenthetically, we note that Justin has not addressed this issue in his petition.

We deny the petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 18, 2012
Date Decided:       September 19, 2012