# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00476-CV

**Shakeel Mustafa, Appellant**

**v.**

**Pakiza Asim, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 11-0061-FC1, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On July 14, 2017, appellant Shakeel Mustafa filed a notice of appeal from "all portions of the [April 17, 2017] Order Holding Shakeel Mustafa in Contempt." Appellee Pakiza Asim has now filed a motion to dismiss Mustafa's appeal on the ground that the contempt order is not reviewable by direct appeal.[1] *See Ex parte Williams*, 690 S.W.2d 243, 243 n.1 (Tex. 1985). In his response, Mustafa does not dispute that we lack jurisdiction to review the April 17 contempt order in this appeal. Mustafa, instead, asserts that the motion to dismiss should be denied because he has now filed a motion to amend his notice of appeal stating that he "no longer desires to prosecute his appeal from the [April 17 contempt order]" and that he "desires to appeal from a different order—the July 17, 2017, 'Order in Suit to Modify the Parent-Child Relationship.'"

---

[1] Although a contempt order is not reviewable by direct appeal, a contempt order "may be attacked by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved)." *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding).

Rule 25.1(g) of the Texas Rules of Appellate Procedure allows an appellant to file an amended notice of appeal to "correct a *defect or omission* in an earlier filed notice." Tex. R. App. P. 25.1(g) (emphasis added). Rule 25.1(g) does not, however, allow an appellant to alter his notice of appeal from appealing one interlocutory order to appealing an entirely separate order. *Rainbow Grp., Ltd. v. Wagoner*, 219 S.W.3d 485, 493 (Tex. App.—Austin 2007, no pet.); *see also Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (noting that rule 27.1, allowing court of appeals to treat premature notice of appeal as effective, does not allow party to file notice of appeal as appellate placeholder in anticipation of appeal that may occur somewhere in indefinite future). Accordingly, we deny Mustafa's motion to amend his notice of appeal.[2]

Because a contempt judgment is not reviewable by direct appeal, we do not have jurisdiction over this appeal. *See Ex parte Williams*, 690 S.W.2d at 243. We grant Asim's motion and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Scott K. Field, Justice

Before Justices Puryear, Field, and Bourland

Dismissed for Want of Jurisdiction

Filed: November 15, 2017

_____

[2] Mustafa has also separately filed a notice of appeal from the July 17 order, and the Clerk of this Court has assigned cause number 03-17-00702-CV to that appeal. Mustafa requests, in the alternative, that the Court transfer the appellate record, which has already been filed in this cause, to his new appeal. We grant this request and direct the Clerk of the Court to transfer the record. We express no opinion as to whether Mustafa's most recent notice of appeal is timely or whether we have jurisdiction over that appeal. *See* Tex. R. App. P. 26.1.