**DENY; and Opinion Filed July 10, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00779-CV

## IN RE MELISSA LARSEN, Relator

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05693**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

Before the Court is relator's July 9, 2018 petition for writ of habeas corpus in which she seeks relief from an order holding her in contempt for purportedly violating discovery orders. The function of a writ of habeas corpus is to secure release from unlawful custody. Thus, it must be shown that the contemnor is actually confined or has undergone a restraint of liberty. *Ex parte Williams*, 690 S.W.2d 243, 244 (Tex. 1985) (orig. proceeding); *Ex parte Crawford*, 506 S.W.2d 920, 921 (Tex. Civ. App.—Tyler 1974, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(D).

Although actual confinement is the typical restraint of liberty, courts have extended the meaning of the term "restraint of liberty" beyond actual imprisonment. For example, when a contemnor is sentenced to jail and released on bond pending review by habeas corpus, there is sufficient restraint of liberty to justify issuance of the writ of habeas corpus. *Ex parte Williams*, 690 S.W.2d at 244. Courts have also extended the meaning of restraint to include probation. However, in most of those cases, the terms of probation include some type of tangible restraint of

liberty. *See, e.g., Ex parte Brister*, 801 S.W.2d 833, 834–35 (Tex. 1990) (orig. proceeding) (contemnor required to submit to 60 days' house arrest and electronic monitoring); *Ex parte Duncan*, 796 S.W.2d 562, 564 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (contemnor required to report to probation officer once a month and could not leave Harris County without permission of court).

The order at issue here requires relator to produce documents responsive to certain requests for production by 4:30 p.m. on July 10, 2018, and appear for her deposition on July 13, 2018, at 10:00 a.m. If she does not produce the responsive documents and appear for deposition, then she "shall be confined in jail" until she produces the responsive documents and agrees to appear for her deposition. The compliance deadlines have not passed and relator has not been confined to jail. Relator argues, however, that she is constructively confined because she cannot produce the documents without breaching fiduciary duties owed to the real party in interest Cardio Group, LLC and, as such, her "confinement is not speculative—it is certain." We disagree. Relator can avoid confinement by complying with the order. Her choice not to comply does not constitute constructive confinement or restraint of liberty. *See, e.g., Ex parte Hughey*, 932 S.W.2d 308, 310 (Tex. App.—Tyler 1996, orig. proceeding) ("Confinement is not an imminent possibility as long as Relator complies with the Temporary Orders and the terms of his probation. Therefore, we conclude that Relator has not been restrained of his liberty such as would warrant the granting of his petition."). Because relator is not actually confined or restrained, we deny relator's petition for writ of habeas corpus.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

180779F.P05