**Opinion issued June 13, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00513-CV

————————————

**CHRISTIAN EDGLEY, Appellant**

**V.**

**LATEISHA RAGLAND, Appellee**

---

**On Appeal from the 505th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCV-228707**

---

## MEMORANDUM OPINION

Appellant Christian Edgley appeals from the trial court's September 27, 2021

Order Enforcing Possession and Access Order with Commitment Suspended.

Because the order is not appealable, we dismiss the issues appealing the order.

Because Edgley has requested mandamus review of one of his appellate issues, we

grant that request but determine that he has not established his right to mandamus relief. Thus, as to that one issue, we deny mandamus relief.

The trial court's September 27, 2021 enforcement order states that appellee LaTeisha Ragland filed an amended motion for enforcement. The clerk's record does not contain the motion. The enforcement order further states that, in the motion, Ragland sought enforcement of certain provisions of the trial court's order issued on December 11, 2019. The December 11, 2019 order is not in the clerk's record. The reporter's record indicates that the trial court dismissed all alleged violations listed in the amended motion for enforcement, which is not in the record, except for violations 12, 14, and 44. The trial court stated that it found Edgley to be in contempt for failing to comply with the December 11, 2019 order because he failed to surrender the child to Ragland for her court-ordered period of possession on December 15, 2019 and December 28, 2019 (violations 12 and 14). The court ordered Edgley confined to the Fort Bend County Jail for 30 days but suspended the jail commitment as long as he complied with the condition of serving five years of community supervision by complying with the current possession and access order. Edgley filed a timely notice of appeal.

Edgley is not physically confined in jail because the trial court suspended commitment and placed him on community supervision. The order does not require him to report to a community supervision officer or to participate in any other

2

programs or counseling. Instead, it merely requires compliance with the current possession and access order.

Typically, when a party is found in contempt and committed to jail, the remedy for challenging this order is by petition for writ of habeas corpus when the contemnor is restrained of liberty by virtue of an order issued by a court or judge based on violation of an order in a civil case. *See* TEX. GOV'T CODE § 22.221(d). But contempt orders that do not impose confinement are not reviewable by writ of habeas corpus. *See In re Look*, No. 01-02-00959-CV, 2003 WL 876650, at *1 (Tex. App.—Houston [1st Dist.] Mar. 5, 2003, orig. proceeding) (mem. op.) (citing to *Ex parte Williams*, 690 S.W.2d 243 (Tex. 1985)). In *Look*, the trial court found the relator in contempt and ordered her confined for six months for each of 75 violations of the prior order, but suspended commitment and placed her on community supervision for 36 months or until the child support arrearage was paid, whichever occurred first. *Id.* at *1. This Court held that the relator had not sustained her burden of showing she was restrained and entitled to habeas relief because her incarceration was a speculative possibility. *See id.* at *2.

Because Edgley has not sought habeas relief, but has instead appealed from the order, we must first determine whether we have jurisdiction over an appeal from a contempt order. We have jurisdiction to consider appeals from final judgments and interlocutory orders for which appeal is permitted by statute. *See Lehmann v.*

*Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Contempt orders are not final, appealable orders, but must instead be attacked by petition for writ of habeas corpus if the contemnor is restrained of his liberty or by petition for writ of mandamus if no restraint is involved. *See In re Office of Atty. Gen. of Tex.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding). Thus, appellate courts do not have jurisdiction to review contempt orders by direct appeal. *See Crenshaw v. Thomas*, No. 03-21-00064-CV, 2022 WL 2162933, at *2 (Tex. App.—Austin June 16, 2022, pet. denied) (mem. op.).

A notice was sent to Edgley on March 21, 2023, advising him that the Court might dismiss his appellate issues for lack of jurisdiction unless he responded and established that we had jurisdiction. Edgley requested an extension of time to respond until May 15, 2023, but he did not file a response.

We may, however, construe an appeal to be a mandamus petition if the appellant specifically requests it. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011). In *CMH Homes*, the parties were unable to agree on an arbitrator and the trial court appointed one, but CMH Homes filed an interlocutory appeal challenging the appointment and requesting alternatively that its appeal be treated as a mandamus petition. *See id.* at 446. The court of appeals dismissed the appeal for want of jurisdiction because there was no provision for interlocutory appeal of the trial court's order appointing an arbitrator. *See id.* Although the Texas Supreme

4

Court agreed with the court of appeal's determination that the order was interlocutory and not appealable, the Texas Supreme Court held that the court of appeals erred in dismissing the appeal for lack of jurisdiction because CMH Homes specifically requested mandamus relief and judicial efficiency militated against requiring CMH Homes to file a separate original proceeding. *See id*. at 453–54. The Texas Supreme Court also observed that briefs in mandamus actions and interlocutory appeals have generally the same requirements and it would not promote judicial efficiency to require the appellant to file a separate original proceeding. *See id.* at 454.

Here, Edgley expressly requested mandamus relief in his brief, but only as to one issue in his brief—issue five. We grant his request and review this issue as a request for mandamus relief. *See id.* Because we lack jurisdiction as to the remaining appellate issues, we will dismiss those for lack of jurisdiction.[1]

In issue five, Edgely appears to present more than one argument. First, he contends that he is entitled to mandamus relief voiding the trial court's order because he claims that he was not served with the prior order by the time he allegedly committed violation 12, which occurred, according to Edgely, four days after the December 11, 2019 order was signed and before he was served with the order. Edgely also claims the contempt order is void because the trial court failed to grant

---

[1]     Appellee did not file a brief in this case.

5

his oral motion for continuance when there was no service on Edgley of Ragland's amended motion for enforcement.

"An order or judgment is void only when it is apparent that the court rendering it had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court."[2] *Mitchell v. Turbine Resources Unlimited, Inc.*, 523 S.W.3d 189, 202 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Edgley has not established that the trial court lacked jurisdiction to enter the contempt order.

Procedurally, a relator seeking mandamus relief must provide an appendix or record sufficient to establish his entitlement to relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). And, in his petition, the relator must include citations to that appendix or record. *See* TEX. R. APP. P. 52.3(g), (h). In this case, Edgley has provided a clerk's record that contains only the trial court's contempt and commitment order, but not the amended motion for enforcement or a copy of the December 11, 2019 order he allegedly violated. Relator also fails to cite to the record in his statement of facts.

---

[2] When a contemnor has been restrained of his liberty and seeks habeas relief, the contemnor claiming that the contempt order is void must show that the order deprives the relator of liberty without due process or that it was beyond the court's power to issue. *See Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996).

Edgley complains that he had not been served with the December 11, 2019 order at the time he allegedly committed the violation on December 15, 2019. There are two problems with this complaint. First, the reporter's record does not indicate that Edgley raised this complaint in the trial court. "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999). The failure to object to violation 12 in the trial court on the ground that appellant had not been served with the December 11, 2019 order defeats his right to mandamus relief. *See id.* The predicate requirement is relaxed only if the request would have been futile. *See id.* And Edgley has not argued that an objection to violation 12 on the lack of service ground would have been futile.

Moreover, Edgley has not provided a sufficient record to establish the date of service of the December 11, 2019 order. Edgley complains that the first alleged violation occurred four days after the December 11, 2019 order was served on him, but this order is not in the record. Absent a sufficient record showing the prior order or other proof of lack of service or awareness of the order's provisions presented in an oral rendition, Edgley has not established his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837.

Finally, Edgely complains that he was denied a continuance. During the hearing held on August 24, 2021, Edgley's counsel learned that Ragland had filed

an amended motion for enforcement. Counsel claimed that her client Edgley had not provided her with a copy of the amended motion and requested a one-week reset of the hearing, but the trial court asked Ragland's counsel if the amended motion was served and she agreed that it was. The request for reset was denied. Edgely has not provided proof that the amended motion for enforcement was not served on him and thus, he has not presented a sufficient record to support mandamus relief. *See id.*

We dismiss the appeal for lack of jurisdiction and we deny mandamus relief. Any pending motions are dismissed as moot.

Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.