

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00023-CV

_____


RAFFAELE M. PANDOZY, Appellant

V.

MARY ANN BEATY, Appellee


On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court No. DC-03-05712-E


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Raffaele M. Pandozy has filed an appeal that states it is from the issuance of five different orders in connection with his lawsuit against his former wife's attorney, Mary Ann Beaty. We quote from his notice of appeal below. It states that he is appealing from:

1.      Order Holding Respondent [Pandozy] in Contempt and for Commitment to County Jail, signed on July 23, 2007.
2.      Order of Attachment, signed on July 17, 2007
3.      Turnover Order, signed on July 17, 2007
4.      Order Declaring Raffaele M. Pandozy a Vexatious Litigant, signed on July 17, 2007.
5.      Order Denying Motion to Sever Judgment of December 4, 2003, signed on August 28, 2007.

The judgment of dismissal of the underlying action was signed December 4, 2003. This notice of appeal was filed four years later, on October 15, 2007. As in any case, the first question is whether we have jurisdiction over the appeal.

Generally, only final decisions of trial courts are appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon 1997) (final judgment of district and county courts). Some appeals from particular types of interlocutory orders have also been authorized by the Legislature. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2007). Therefore, appeals can generally be taken only from final judgments and appealable interlocutory orders. *Lehmann*, 39 S.W.3d at 195. Generally, if an order is not either a final judgment, or one from which the Legislature has authorized appeal, we have no authority to review the court's ruling.

2

In this case, there are two separate problems. The first problem involves the appellate timetable and the timeliness of any attempted appeal, either from the judgment or from later orders; the second problem involves the question of whether any of the 2007 orders are individually appealable.

It is clear that if this is an attempt to appeal from the 2003 judgment, it is untimely brought, and we may not address it.[1] The notice of appeal also refers to several separate orders within its body; reading the notice of appeal liberally, we will also look to see whether any appeal from these orders is properly within our jurisdiction to consider. These are all orders which were entered post-judgment in the underlying proceeding.

**1) The Order of Contempt, Signed July 23, 2007**

On July 31, 2007, Pandozy filed a request seeking the entry of findings of fact and conclusions of law on the order of contempt signed and filed on July 23, 2007.[2]

There is no appeal in Texas from an order holding a person in contempt which involves commitment to jail (as does this order). *Ex parte Williams*, 690 S.W.2d 243, 243 n.1 (Tex. 1985); *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex. 1967); *Saenz v. Saenz*, 756 S.W.2d 93, 95 (Tex. App.—San Antonio 1988, no writ). Relief from such an order is available exclusively through an application for writ of habeas corpus, not from direct appeal. *Grimes v. Grimes*, 706 S.W.2d 340,

[1]*See* TEX. R. APP. P. 26.1.

[2]*See* TEX. R. APP. P. 26.1(a)(4).

3

343 (Tex. App.—San Antonio 1986, writ dism'd) (citing *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956)). Contempt orders that do not involve confinement may be reviewed only through mandamus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding); *Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.).

No appeal from the 2007 contempt order can be properly considered by this Court.

**2)      Order of Attachment, Signed July 17, 2007**

Rule 26.1 of the Texas Rules of Appellate Procedure provides that as a general rule, a notice of appeal must be filed within thirty days of the signing of the complained-of judgment; however, it also lists certain exceptions to that general rule. One of those exceptions exists when a person seeking to appeal has filed a request for findings of fact and conclusions of law, an action which extends the time for filing a notice of appeal. Neither Pandozy's various requests for findings filed on July 31, nor the requests he filed on August 31, 2007, reference the attachment order entered on July 17, 2007, in any respect. Thus, neither of these requests could operate to extend the appellate timetable; even if the order were one that was appealable, the notice of appeal was filed nearly ninety days after the order was signed and, therefore, is untimely.[3] No timely notice of appeal was filed in regard to that order of attachment. The untimely-filed notice of appeal could thus not serve to invoke the jurisdiction of this Court.

---

[3]*See* TEX. R. APP. P. 26.1.

4

**3)      Turnover Order, Signed July 17, 2007**

Pandozy's July 31, 2007, request for findings of fact on the turnover order would serve to extend the appellate timetable for that order and he filed his notice of appeal nearly ninety days after the turnover order was signed.[4]  Pandozy's appeal regarding this issue is within the time frame allowed; thus, it is not barred on that account.

Pandozy states in his brief that he paid the sums due under the judgment that was the basis for the turnover order; Beaty argues that the payment of the judgment by Pandozy renders the validity of the order moot.  *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).

It is important here to distinguish between the appeal of the judgment and the appeal of the issuance of the turnover order.  When a party does not voluntarily pay a judgment, the act of paying the judgment does not render the appeal of the judgment moot.  *Riner v. Briargrove Park Prop. Owners, Inc.*, 858 S.W.2d 370 (Tex. 1993).  The reasoning behind this is that a party does not voluntarily pay a judgment if he satisfies that judgment after execution of a judgment.  *Cravens v. Wilson*, 48 Tex. 321, 323 (1877); *Stylemark Constr., Inc. v. Spies*, 612 S.W.2d 654, 656 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ).  This same kind of coercive effect would apply as to the issuance of a turnover order as a vehicle for collection of a judgment.

---

[4]As a general rule, turnover orders are final, appealable orders.  *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995); *In re Hamel*, 180 S.W.3d 226, 229 (Tex. App.—San Antonio 2005, orig. proceeding).

However, in this point of appeal, Pandozy complains about the propriety and correctness of the turnover order (as opposed to the judgment which prompted it). A turnover order is a final, appealable judgment. *Burns*, 909 S.W.2d at 506. Turnover relief is a statutory remedy under which "[a] judgment creditor is entitled to aid from a court of appropriate jurisdiction[,]" which may "order the judgment debtor to turn over . . . property that is in the debtor's possession[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a), (b)(1) (Vernon Supp. 2007). Pandozy had the ability to appeal the turnover order at one time. However, as pointed out in *Williams v. Huff*, 52 S.W.3d 171, 184 (Tex. 2001), "For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal" and if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the case becomes moot. Despite the fact that the turnover order would provide some of the impetus to pay the judgment, the turnover order was nothing more than a vehicle for the collection of the judgment; once the judgment was paid, the turnover order lost its teeth and was of no further force and effect. Issues concerning the validity of the dead and then-unenforceable order became immediately moot when the judgment which it was issued to enforce was satisfied.

The contention of error is overruled.

**4)      Order Declaring Pandozy "Vexatious Litigant," Signed July 17, 2007**

On July 31, 2007, Pandozy filed a request for findings of fact and conclusions of law concerning the order of July 17, 2007, in which order the court declared him to be a vexatious

6

litigant.  Assuming that it was a separate, appealable order, the time for filing a notice of appeal expired October 15, 2007.[5]  The notice of appeal was filed on that date.

Using the procedures authorized by Section 11.101 of the Texas Civil Practice and Remedies Code, the trial court declared Pandozy to be a vexatious litigant, and then prohibited him from filing a new litigation without permission of the local administrative judge.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101 (Vernon 2002).

One question is whether this order is separately appealable.  "Vexatious litigant" issues most often appear attacking orders entered in extant lawsuits as applied by courts dismissing lawsuits, *see Leonard v. Abbott*, 171 S.W.3d 451 (Tex. App.—Austin 2005, pet. denied), or from the termination by judgment of cases in which the party was involved.  *See Willms v. Ams. Tire Co., Inc.*, 190

---

[5]*See* TEX. R. APP. P. 26.1.

7

S.W.3d 796, 801 (Tex. App.—Dallas 2006, pet. denied).[6] This situation is different. It is an attempt to appeal from the order declaring Pandozy a vexatious litigant itself. We have found only one other Texas case involving this type of an appeal, this being a memorandum opinion from the Eastland court of appeals in which that court addressed (without comment) an appeal from an order finding a person to be a vexatious litigant. *Aranda v. State*, No. 11-05-00246-CV, 2006 Tex. App. LEXIS 898 (Tex. App.—Eastland Feb. 2, 2006, pet. denied) (mem. op.).

Typically, an order is not appealable in the absence of some statutory provision allowing appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(3). There is no provision in Section 51.014 authorizing an appeal of an order which declares a person a vexatious litigant, or of an order prohibiting a person from filing new litigation without permission of the local administrative judge.

---

[6]Under Section 11.101 of the Texas Civil Practice and Remedies Code:

(a)    A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, in propria persona, a new litigation in a court in this state if the court finds, after notice and hearing as provided by Subchapter B, that:

(1) the person is a vexatious litigant; and

(2) the local administrative judge of the court in which the person intends to file the litigation has not granted permission to the person under Section 11.102 to file the litigation.

(b) A person who disobeys an order under Subsection (a) is subject to contempt of court.

TEX. CIV. PRAC. & REM. CODE ANN. § 11.101 (footnote omitted).

We have also been directed to strictly construe Section 51.014 as "a narrow exception to the general rule that only final judgments and orders are appealable." *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). Taking an expansive view of Section 51.014 is inappropriate. *See id.*; *John M. O'Quinn, P.C. v. Wood*, 244 S.W.3d 549 (Tex. App.—Tyler 2007, no pet.).

However, we also acknowledge that this is not an interlocutory order but is, rather, an order which (in this case) exists apart and separate from any existing action. Although it is not a formal injunction, entered under the requisites of such, it is definitely in the nature of a permanent injunction—entered in accordance with statutory criteria. It finds Pandozy to be a vexatious litigant, and then enjoins Pandozy from filing suit without the permission of the administrative judge. By its terms, it is permanent. Such an order can be entered only after a hearing, and after certain specified criteria have been met. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.053, 11.054 (Vernon 2002).

Because of the nature of the relief, the method in which it is obtained, and (in this instance), the fact that the order stands alone without reference to an ongoing lawsuit or appealable judgment in a lawsuit, we conclude that this is in the nature of a permanent injunction and will treat it as we would an appeal from a permanent injunction. A permanent injunction that disposes of all issues and parties is a final, appealable judgment. *Kubala Public Adjusters, Inc. v. Unauthorized Practice of Law Committee for Supreme Court of Tex.*, 133 S.W.3d 790, 794 (Tex. App.—Texarkana 2004, no pet.); *Striedel v. Striedel*, 15 S.W.3d 163, 164 (Tex. App.—Corpus Christi 2000, no pet.).

9

The order was signed July 17, 2007, and a request for the entry of findings of fact and conclusions of law thereon was filed July 31, 2007. The notice of appeal from this order was filed on the ninetieth day after it was signed and was therefore timely. Accordingly, we will address the issue on its merits.

Pandozy argues that the trial court erred by finding him to be a vexatious litigant because he was merely trying to seek justice and "stand for his constitutional rights." He also argues that the deadline for filing such a motion expired within ninety days of the filing of plaintiff's lawsuit, a time frame which (since the judgment had been entered in 2003) expired several years before the motion to enjoin further litigation was filed in this Court.

We first reiterate: there are two differing types of relief provided under the statute. The first, available under Section 11.051, provides that a defendant may, within ninety days of filing an original answer, seek an order determining the plaintiff to be a vexatious litigant and requiring him to furnish security. The second, under Section 11.101, allows a court (on the motion of a party or on its own motion), upon finding a person to be a vexatious litigant, to prohibit that person from filing new litigation. There is no time limitation attached to Section 11.101. It is in the nature of a preemptive strike, rather than a response to an existing lawsuit. The ninety-day limitation of the first kind of relief does not apply to the second.

On its merits, we review a determination that a person is a vexatious litigant under an abuse of discretion standard. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.);

*Willms*, 190 S.W.3d 796; *Nell Nations Florist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no pet.). On an abuse of discretion challenge, we are not free to substitute our own judgment for the trial court's judgment. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). We can only find an abuse of discretion if the trial court acts in an arbitrary or capricious manner without reference to any guiding rules or principles. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). The court's decision must be "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). Applying these principles, we must determine whether the trial court's application of the vexatious litigant statute constitutes an abuse of discretion.

In this case, there was evidence before the trial court that Pandozy had instituted (and either lost or had dismissed) at least seven separate actions in Dallas and in New York, as well as the continuing proceedings under the present cause number—a case that had been final since 2003.[7] Pandozy also argues that it is simply unfair to prevent him from bringing suit as he sees fit. That is not what is required by the statute. Under the order as entered, he is required to obtain the permission of the local administrative judge before filing a lawsuit; the administrative judge is

---

[7]In addition, we also note that Pandozy has filed a federal lawsuit against the law firm that originally represented the defendant in this case (who was his attorney in his earlier divorce), and against the trial judge in this action, and against the Clerk of the Fifth Court of Appeals in Dallas, (which is also why the appeal was transferred to this Court after the Dallas court *en masse* recused itself). We also note that the Fifth Court of Appeals has disposed of seven appeals in which Pandozy was appellant between 1998 and the present. Likewise, we have before us yet another transferred appeal from his loss in a separate lawsuit that he brought against a Dallas realtor.

11

required to allow him to file litigation if it appears that the litigation has merit and has not been filed to harass or delay another.

Under this evidence, we will not determine that the trial court acted outside the range of its discretion by issuing the order. No other substantive argument has been raised under this contention of error, and the contention is overruled.

**5)      Order Denying Motion to Sever Judgment of December 4, 2003, Signed August 28, 2007**

Pandozy's requests for findings of fact and conclusions of law do not refer to this order in any respect. Thus, even were this order appealable, any notice of appeal was required to be filed no later than thirty days after that date: September 28, 2007.[8] The notice of appeal was filed on October 15, 2007. The notice of appeal was untimely and was also not filed within the potential grace period for late filing.

We affirm.

Bailey C. Moseley
Justice

Date Submitted:      April 22, 2008
Date Decided:        May 2, 2008

---

[8]*See* TEX. R. APP. P. 26.1.