**Opinion filed October 29, 2009**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00153-CV

_____

## MICHAEL E. GEIGER, Appellant

## V.

## STEPHANIE ALLMAND ET AL, Appellees

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 08-12-18039**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order declaring Michael E. Geiger a vexatious litigant. We affirm.

Appellant sued Stephanie Allmand, Jessica Renteria (Garza), Joseph Meegan, Sharla Lee, Bobbi Scott, Sherry Talley, Margerite Prieto, Corey Wauson, Wally Garza, Roberto Guitierrez, Charles Horsley, Debra Dorman, George Hilson, James Ramsey, and Robert Vogelgesang for injuries he allegedly received when he was knocked to his knees in the recreation yard of the prison in which he was confined. Meegan, Talley, Vogelgesang, Guitierrez, Horsley, Hilson, Dorman,

Prieto, and Wauson filed a motion to have Geiger declared a vexatious litigant pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (Vernon 2002). After a hearing, the trial court granted the motion.

In four issues, Geiger challenges the trial court's order. Geiger argues that the motion was not filed by a proper party, that the trial court did not apply the appropriate guidelines, that the trial court refused to instruct him on the proceedings and rulings, and that the trial court failed to use the corrected burden of proof.

Section 11.051 provides:

> In a litigation in this state, the defendant may, on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order:

> (1) determining that the plaintiff is a vexatious litigant; and
> (2) requiring the plaintiff to furnish security.

Meegan, Talley, Vogelgesang, Guitierrez, Horsley, Hilson, Dorman, Prieto, and Wauson were all named as defendants in Geiger's petition. They filed their motion within the time frame specified by Section 11.051 and included allegations and supporting documentation that would support the trial court's findings under TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (Vernon 2002). Geiger appears to be contending that only the defendant he named first in his petition was "the" defendant who could file a motion under Section 11.051 and that the motion filed by counsel for the other named defendants was not proper. We disagree with Geiger's argument. The record before this court reflects that a proper motion was filed. The first issue is overruled.

The defendants stated in their motion that Geiger's allegations raised common-law claims; that Geiger failed to allege facts that show Vogelgesang, Guiterrez, Horsley, Hilson, or Dorman were personally involved in any way; and that they were all protected by qualified immunity of all federal claims and official immunity for all state claims. They attached the following copies to their motion: the November 27, 2007 order of the 12th District Court of Walker County dismissing, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002), an action filed by Geiger; the February 12, 2004 judgment of the U.S. District Court, Northern District of Texas in Amarillo declaring Geiger to be a vexatious litigant; the April 12, 2005 mandate of the Fifth Circuit U.S. Court of Appeals affirming the district court's declaration; the December 12, 2007 judgment from the Twelfth Court of Appeals affirming the dismissal pursuant to Sections 14.001-.014 by the 3rd

2

District Court in Houston County of an action filed by Geiger; the November 28, 2005 order of the 181st District Court of Potter County dismissing, pursuant to Sections 14.001-.014, an action filed by Geiger; the December 16, 2002 opinion of the U.S. District Court, Northern District of Texas sitting in Amarillo dismissing an action filed by Geiger; and the opinion of the Fifth Circuit U.S. Court of Appeals affirming the December 16, 2002 order dismissing Geiger's action and giving Geiger a sanctions warning. The record from the hearing reflects that Geiger actively participated by telephone. The trial court stated in its order that it considered all the pleadings by all the parties and all the arguments presented at the hearing in its decision that the motion was meritorious and should be granted.

Nothing in the record before this court supports Geiger's contentions that the trial court abused its discretion in the handling and resolution of this motion. The trial court's actions were not "vague and unreasonable." Likewise, the record does not support Geiger's contentions that the trial court acted in an arbitrary and unreasonable manner and without regard to appropriate legal principles and supporting evidence. Geiger's challenges that TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001-.054, 14.001-.014 (Vernon 2002) are void for vagueness are not properly before this court. TEX. R. APP. P. 33. Geiger's arguments to the merits of his suit against the various defendants are not appropriate in this challenge to the trial court's ruling on the motion to declare him a vexatious litigant.

All of Geiger's contentions on appeal have been considered. Each is overruled. The record reflects that the trial court did not abuse its discretion. *Pandozy v. Beaty*, 254 S.W.3d 613, 619 (Tex. App.—Texarkana 2008, no pet.); *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.). The record supports the trial court's decision that the defendants sustained their burden under Section 11.054. *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 804 (Tex. App.—Dallas 2006, pet. denied).

The order of the trial court is affirmed.

PER CURIAM

October 29, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3