Opinion filed October 29, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed October 29,
2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-09-00153-CV

                                                    __________

 

                                    MICHAEL E. GEIGER, Appellant

 

                                                             V.

 

                             STEPHANIE
ALLMAND ET AL, Appellees

 



 

                                         On
Appeal from the 106th District  Court

 

                                                         Dawson
County, Texas

 

                                              Trial
Court Cause No. 08-12-18039

 



 

                                              M E
M O R A N D U M   O P I N I O N

This is an appeal from the trial court=s order declaring Michael E. Geiger a vexatious litigant.  We affirm.








Appellant sued Stephanie Allmand, Jessica Renteria
(Garza), Joseph Meegan, Sharla Lee, Bobbi Scott, Sherry Talley, Margerite
Prieto, Corey Wauson, Wally Garza, Roberto Guitierrez, Charles Horsley, Debra
Dorman, George Hilson, James Ramsey, and Robert Vogelgesang for injuries he
allegedly received when he was knocked to his knees in the recreation yard of
the prison in which  he was confined.  Meegan, Talley, Vogelgesang, Guitierrez,
Horsley, Hilson, Dorman, Prieto, and Wauson filed a motion to have Geiger
declared a vexatious litigant pursuant to Tex.
Civ. Prac. & Rem. Code Ann. ' 11.051 (Vernon 2002). 
After a hearing, the trial court granted the motion.

In four issues, Geiger challenges the trial court=s order.  Geiger argues that the motion was not filed by a proper
party, that the trial court did not apply the appropriate guidelines, that the
trial court refused to instruct him on the proceedings and rulings, and that
the trial court failed to use the corrected burden of proof.

Section 11.051 provides:

In a litigation in this state, the defendant may, on
or before the 90th day after the date the defendant files the original answer
or makes a special appearance, move the court for an order:

 

(1) determining that the plaintiff is a vexatious
litigant; and

(2) requiring the plaintiff
to furnish security. 

Meegan, Talley, Vogelgesang, Guitierrez, Horsley,
Hilson, Dorman, Prieto, and Wauson were all named as defendants in Geiger=s petition.  They filed their motion within the time frame specified by
Section 11.051 and included allegations and supporting documentation that would
support the trial court=s findings under Tex.
Civ. Prac. & Rem. Code Ann. ' 11.054 (Vernon 2002).  Geiger appears to be
contending that only the defendant he named first in his petition was Athe@ defendant  who could file a motion under Section
11.051 and that the motion filed by counsel for the other named defendants was
not proper.  We disagree with Geiger=s argument.  The record before this court reflects
that a proper motion was filed.  The first issue is overruled.








The defendants stated in their motion that Geiger=s allegations raised common-law claims; that Geiger failed to allege
facts that show Vogelgesang, Guiterrez, Horsley, Hilson, or Dorman were
personally involved in any way; and that they were all protected by qualified
immunity of all federal claims and official immunity for all state claims. 
They attached the following copies to their motion:  the November 27, 2007
order of the 12th District Court of Walker County dismissing, pursuant to Tex. Civ. Prac. & Rem. Code Ann. '' 14.001-.014 (Vernon 2002), an action filed by Geiger; the February 12,
2004 judgment of the U.S. District Court, Northern District of Texas in
Amarillo declaring Geiger to be a vexatious litigant; the April 12, 2005
mandate of the Fifth Circuit U.S. Court of Appeals affirming the district court=s declaration; the December 12, 2007 judgment from the Twelfth Court of
Appeals affirming the dismissal pursuant to Sections 14.001-.014 by the 3rd
District Court in Houston County of an action filed by Geiger; the November 28,
2005 order of the 181st District Court of Potter County dismissing, pursuant to
Sections 14.001-.014, an action filed by Geiger; the December 16, 2002 opinion
of the U.S. District Court, Northern District of Texas sitting in Amarillo
dismissing an action filed by Geiger; and the opinion of the Fifth Circuit U.S.
Court of Appeals affirming the December 16, 2002 order dismissing Geiger=s action and giving Geiger a sanctions warning.  The record from the
hearing reflects that Geiger actively participated by telephone.  The trial
court stated in its order that it considered all the pleadings by all the
parties and all the arguments presented at the hearing in its decision that the
motion was meritorious and should be granted.          

Nothing in the record before this court supports
Geiger=s contentions that the trial court abused its
discretion in the handling and resolution of this motion.  The trial court=s actions were not Avague and unreasonable.@  Likewise, the record does not support Geiger=s contentions that the trial court acted in an arbitrary and
unreasonable manner and without regard to  appropriate legal principles and
supporting evidence.  Geiger=s challenges that Tex.
Civ. Prac. & Rem. Code Ann.  '' 11.001-.054, 14.001-.014 (Vernon 2002) are void for
vagueness are not properly before this court.  Tex. R. App. P. 33.  Geiger=s arguments
to the merits of his suit against the various defendants are not appropriate in
this challenge to the trial court=s ruling on the motion to declare him a vexatious
litigant.

All of Geiger=s contentions on appeal have been considered.  Each
is overruled.  The record reflects that the trial court did not abuse its
discretion.  Pandozy v. Beaty, 254 S.W.3d 613, 619 (Tex. App.CTexarkana 2008, no pet.); Harris v. Rose, 204 S.W.3d 903, 905
(Tex. App.CDallas 2006, no pet.).  The record supports the
trial court=s decision that the defendants sustained their
burden under Section 11.054.  Willms v. Americas Tire Co., 190 S.W.3d
796, 804 (Tex. App.CDallas 2006, pet. denied).

 The order of the trial court is affirmed.

 

PER CURIAM

October 29, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.