

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00003-CV

**CLIFFORD ALLEN SMITH,**

Appellant

v.

**BRAD LIVINGSTON,**

Appellees

From the 278th District Court
Walker County, Texas
Trial Court No. 24,147

## MEMORANDUM  OPINION

Clifford Allen Smith, a Texas inmate, sued Brad Livingston, executive director of the Texas Department of Criminal Justice.  The Attorney General filed a motion to declare Smith a vexatious litigant.  After a hearing, the trial court granted the motion and ordered Smith to furnish security.  Smith failed to pay the required security and the trial court dismissed his lawsuit with prejudice.  In a single issue, Smith challenges the trial court's granting of the motion to declare him a vexatious litigant.  We affirm.

A plaintiff may be found to be vexatious if (1) there is no reasonable probability that he will prevail; and (2) in the preceding seven-year period, he has commenced, prosecuted, or personally maintained at least five litigations other than in a small claims court that have been (a) finally determined adversely to him; (b) pending at least two years without having been brought to trial or hearing; or (c) found to be frivolous or groundless. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1)(A)-(C) (Vernon 2002). A trial court's vexatious litigant finding is reviewed for abuse of discretion. *See Pandozy v. Beaty*, 254 S.W.3d 613, 619 (Tex. App.—Texarkana 2008, no pet.).

**Reasonable Probability of Prevailing**

In his petition, Smith alleged that labor was not a condition of confinement at the time he entered his plea agreement; thus, forcing him to perform labor breached his plea agreement in violation of the United States and Texas Constitutions and statutes. The Attorney General argues that Smith pleaded a 42 U.S.C. § 1983 claim, which fails because Smith did not allege any personal involvement by Livingston. *See* 42 U.S.C.S. § 1983 (LexisNexis 2002). Smith argues that he did not plead a section 1983 claim. Because Smith's petition does not specify any legal basis for his claim, but essentially alleges a violation of his civil rights, we will treat his claim as a section 1983 cause of action.

"[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "[A] supervisor may be held liable if there exists either (1) his *personal involvement* in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's

wrongful conduct and the constitutional violation." *Id*. at 304 (emphasis added). Personal involvement is an essential element in a civil rights cause of action alleging constitutional deprivation. *Poteet v. Sullivan*, 218 S.W.3d 780, 794 (Tex. App.—Fort Worth 2007), *cert denied* 129 S. Ct. 623, 172 L. Ed. 2d 607 (2008) (citing *Thompkins*, 828 F.2d at 303). The plaintiff must plead specific facts establishing the defendant's participation in the alleged violation. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). "[G]eneralized allegations" are insufficient. *See id*. at 292 n.7.

Smith failed to plead any facts establishing Livingston's personal involvement or participation in the alleged violation of his plea agreement. *See Anthony v. Tex. Dep't of Crim. Justice*, No. 01-08-00465-CV, 2009 Tex. App. LEXIS 1482, at *21-22 (Tex. App.—Houston [1st Dist.] Mar. 5, 2009, no pet.) (mem. op.) ("Anthony did not allege any facts regarding the personal involvement of any of the named defendants in removing him from his SSI position," but "merely made the conclusory statement that Trinci, Ellis, and Carrillo were 'involved' in his removal."); *see also Johns v. Johnson*, No. 10-03-00388-CV, 2005 Tex. App. LEXIS 1500, at *8 (Tex. App.—Waco Feb. 23, 2005, no pet.) (mem. op.) ("Johns fails to allege any affirmative participation by the six defendants in a constitutional deprivation and fails to allege wrongful conduct on their part that caused a constitutional violation."). Accordingly, there is no reasonable probability that he will prevail on his claim.

**Lawsuits Filed in the Preceding Seven-Year Period**

Smith has filed at least ten previous lawsuits. Seven of these lawsuits were dismissed pursuant to 28 U.S.C. § 1915, which allows a court to dismiss a proceeding

filed in forma pauperis if the suit is frivolous, malicious, or fails to state a claim.  *See* 28 U.S.C.S. § 1915(e)(2)(B) (LexisNexis 2003).  Thus, in the seven years preceding the current suit, Smith has commenced, prosecuted, or maintained in propria persona at least five litigations that have either been determined adversely to him or determined to be frivolous or groundless.  TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1)(A), (C).

Because both prongs of section 11.054 are met, the trial court did not abuse its discretion by finding Smith to be vexatious.  We overrule issue one and affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed December 30, 2009
[CV06]

*     (Chief Justice Gray would have dismissed this proceeding for want of jurisdiction.  The majority, however, rendered a void abatement order.  It was void because we had no jurisdiction and could not validly take any action other than to dismiss the proceeding.  *See Smith v. Livingston*, No. 10-09-00003 (Tex. App.—Waco May 13, 2009, abatement order) (per curiam) (Gray, C.J., dissenting).  Notwithstanding the invalidity of that order, the parties and the trial court acted upon it and took those actions necessary to give the Court jurisdiction, specifically the trial court rendered a final judgment dismissing Smith's suit.  Our prior error, thus having been overtaken and corrected by subsequent events, does not now deprive us of jurisdiction and we may proceed to a discussion on the merits.  With these comments I concur only in the judgment and only to the extent it affirms the trial court's judgment of dismissal and assesses cost against Smith.)