

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00338-CV

## IN THE INTEREST OF A.P., A CHILD,

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 36990-CV**

## MEMORANDUM  OPINION

The Office of the Attorney General (OAG) sought child support from Appellant Cicero Jones for A.P., his then-minor daughter.  The original child-support order required Jones to pay $130 per month, beginning February 1, 1993.  In February 2005, the OAG filed a motion for enforcement, and Jones appeared and agreed to an order that found him in contempt, sentenced him to jail, and deferred his commitment until August 4, 2005.  The commitment was deferred again until February 2, 2006, when his jail sentence was suspended and he was placed on community supervision for 120 months.

When Jones again failed to timely pay support, the OAG filed a motion to revoke Jones's community supervision, and Jones appeared and agreed to another order of

contempt that confirmed an arrearage of $34,820.17. A.P.'s mother released approximately half of that, leaving an unpaid arrearage of $17,854, and Jones was ordered to pay $250 per month, beginning December 1, 2006. Jones was again sentenced to jail for 180 days, but commitment was again deferred until April 19, 2007, by which he was also to pay a lump sum of $500. That commitment date was reset twice, and on December 20, 2007, the associate judge found no further reason to defer imposition and ordered Jones to jail for 180 days.

On January 3, 2008, Jones's notice of appeal of the commitment order was filed. On January 22, he was released and paid $1,000 toward the arrearage, and on January 24, another notice of appeal of the commitment order was filed. On April 3, the trial court recessed Jones's commitment and modified his monthly payment amount.

On September 12, 2008, the OAG moved to dismiss Jones's appeal, based on its alleged untimely filing. The trial court heard both motions and dismissed Jones's appeal. Jones has filed a notice of appeal of that dismissal. On appeal, Jones complains in four issues that the district court abused its discretion in dismissing his appeal of the associate judge's ruling and also that the district court lacked jurisdiction to do so, that his 180-day contempt sentence was unconstitutional and unfair, that the associate judge acted inappropriately in the hearing, and that the district judge only listened to the State's side.

The OAG asserts that we lack jurisdiction of Jones's appeal. We agree. An order holding a person in contempt is not a final order reviewable by direct appeal. *In re B.A.C.,* 144 S.W.3d 8, 10-12 (Tex. App.—Waco 2004, no pet.); *see also Norman v. Norman,*

692 S.W.2d 655, 655 (Tex. 1985). A contempt order involving incarceration is reviewable only by habeas corpus. *See Ex parte Williams*, 690 S.W.2d 243, 244 n.1 (Tex. 1985); *Pandozy v. Beaty*, 254 S.W.3d 613, 616 (Tex. App.—Texarkana 2008, no pet.). Such an order not involving incarceration is reviewable only by mandamus. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *Pandozy*, 254 S.W.3d at 616. Also, an order dismissing an appeal from an associate judge's ruling that has the effect of granting a motion for enforcement by contempt is only reviewable by habeas corpus or mandamus. *See In re Office of Attorney General*, 215 S.W.3d 913, 915-16 (Tex. App.—Fort Worth 2007, orig. proceeding). And finally, an order revoking community supervision arising from a contempt order is not reviewable by direct appeal. *See In re A.R.M.*, No. 09-03-00570-CV, 2004 WL 2355214 (Tex. App.—Beaumont Oct. 21, 2004, no pet.) (mem. op.); *Texas Dep't Human Resources v. Hebert*, 621 S.W.2d 466, 467 (Tex. Civ. App.—Waco 1981, no writ); *see also Jones v. Texas State Attorney General*, No. 01-03-00393-CV, 2003 WL 22054291 (Tex. App.—Houston [1st Dist.]. Aug. 29, 2003, orig. proceeding) (mem. op.). Accordingly, we dismiss this appeal for lack of jurisdiction.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurs in the judgment to the extent it dismisses the appeal
    for want of jurisdiction. A separate opinion will not issue.)
Dismissed
Opinion delivered and filed August 25, 2010
[CV06]