IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00338-CV

 

In
the Interest of A.P., a Child,

                                                                                    

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 36990-CV

 



MEMORANDUM  Opinion



 








            The Office of the Attorney
General (OAG) sought child support from Appellant Cicero Jones for A.P., his
then-minor daughter.  The original child-support order required Jones to pay
$130 per month, beginning February 1, 1993.  In February 2005, the OAG filed a
motion for enforcement, and Jones appeared and agreed to an order that found
him in contempt, sentenced him to jail, and deferred his commitment until
August 4, 2005.  The commitment was deferred again until February 2, 2006, when
his jail sentence was suspended and he was placed on community supervision for
120 months.

            When Jones again failed to
timely pay support, the OAG filed a motion to revoke Jones’s community
supervision, and Jones appeared and agreed to another order of contempt that
confirmed an arrearage of $34,820.17.  A.P.’s mother released approximately
half of that, leaving an unpaid arrearage of $17,854, and Jones was ordered to
pay $250 per month, beginning December 1, 2006.  Jones was again sentenced to
jail for 180 days, but commitment was again deferred until April 19, 2007, by
which he was also to pay a lump sum of $500.  That commitment date was reset
twice, and on December 20, 2007, the associate judge found no further reason to
defer imposition and ordered Jones to jail for 180 days.

            On January 3, 2008, Jones’s
notice of appeal of the commitment order was filed.  On January 22, he was
released and paid $1,000 toward the arrearage, and on January 24, another
notice of appeal of the commitment order was filed.  On April 3, the trial
court recessed Jones’s commitment and modified his monthly payment amount.

            On September 12, 2008, the
OAG moved to dismiss Jones’s appeal, based on its alleged untimely filing.  The
trial court heard both motions and dismissed Jones’s appeal.  Jones has filed a
notice of appeal of that dismissal.  On appeal, Jones complains in four issues
that the district court abused its discretion in dismissing his appeal of the
associate judge’s ruling and also that the district court lacked jurisdiction
to do so, that his 180-day contempt sentence was unconstitutional and unfair,
that the associate judge acted inappropriately in the hearing, and that the
district judge only listened to the State’s side.

            The OAG asserts that we lack
jurisdiction of Jones’s appeal.  We agree.  An order holding a person in
contempt is not a final order reviewable by direct appeal.  In re B.A.C.,
144 S.W.3d 8, 10-12 (Tex. App.—Waco 2004, no pet.); see also Norman v.
Norman, 692 S.W.2d 655, 655 (Tex. 1985).  A contempt order involving
incarceration is reviewable only by habeas corpus.  See Ex parte Williams,
690 S.W.2d 243, 244 n.1 (Tex. 1985); Pandozy v. Beaty, 254 S.W.3d 613,
616 (Tex. App.—Texarkana 2008, no pet.).  Such an order not involving
incarceration is reviewable only by mandamus.  See In re Long, 984
S.W.2d 623, 625 (Tex. 1999); Pandozy, 254 S.W.3d at 616.  Also, an order
dismissing an appeal from an associate judge’s ruling that has the effect of
granting a motion for enforcement by contempt is only reviewable by habeas
corpus or mandamus.  See In re Office of Attorney General, 215 S.W.3d 913,
915-16 (Tex. App.—Fort Worth 2007, orig. proceeding).  And finally, an order
revoking community supervision arising from a contempt order is not reviewable
by direct appeal.  See In re A.R.M., No. 09-03-00570-CV, 2004 WL
2355214 (Tex. App.—Beaumont Oct. 21, 2004, no pet.) (mem. op.); Texas Dep’t
Human Resources v. Hebert, 621 S.W.2d 466, 467 (Tex. Civ. App.—Waco 1981,
no writ); see also Jones v. Texas State Attorney General, No.
01-03-00393-CV, 2003 WL 22054291 (Tex. App.—Houston [1st Dist.]. Aug. 29, 2003,
orig. proceeding) (mem. op.).  Accordingly, we dismiss this appeal for lack of
jurisdiction.

 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Reyna, and 

Justice
Davis

(Chief Justice Gray concurs in the
judgment to the extent it dismisses the appeal for want of jurisdiction.  A
separate opinion will not issue.)

Dismissed

Opinion
delivered and filed August 25, 2010

[CV06]