In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00042-CV

                                                ______________________________

 

 

 

                 IN THE INTEREST OF N.S., R.S., AND
C.S., CHILDREN

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                          Trial Court
No. 2008-229

 

                                                        
                                          

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            On
May 10, 2011, we mailed a letter to appellant’s counsel, Wm. Brandon Baade,
requesting that he show this Court how we had jurisdiction over this appeal
regarding a potential defect in that this appeared to be an appeal from an
order of both civil and criminal contempt. 
In Texas, there is no appeal from an order holding a person in
contempt.  In re C.N., 313 S.W.3d 490 (Tex. App.—Dallas 2010, no pet.); Pandozy v. Beaty, 254 S.W.3d 613, 616
(Tex. App.—Texarkana 2008, no pet.) (citing
Ex parte Williams, 690 S.W.2d 243 (Tex. 1985)); Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex. 1967).  Relief is available for an incarcerated
individual only through application for a writ of habeas corpus.  Hernandez
v. Hernandez, 318 S.W.3d 464 (Tex. App.—El Paso 2010, no pet.); Grimes
v. Grimes, 706 S.W.2d 340,
343 (Tex. App.—San Antonio 1986, writ dism’d) (citing Wagner v. Warnasch, 156 Tex. 334, 259 S.W.2d 890, 893
(1956)).

            In
that letter, we directed counsel to show this Court how we had jurisdiction and
informed him that if no response was received by May 20, 2011, the appeal would
be dismissed for want of jurisdiction. 
It is now June 6, 2011, and no response has been received.

            We
dismiss this appeal for want of jurisdiction.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          June
6, 2011

Date Decided:             June
7, 2011






deograph;
mso-pagination:widow-orphan;tab-stops:center 3.25in'> 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Jamie Lee Bledsoe has petitioned
this Court for mandamus relief, naming as respondents the Harrison County
District Attorney, Joe Black, and the Harrison County District Clerk, Sherry
“Griff.”[1]  No other respondents are effectively named or
described.[2]

            This Court has limited mandamus
jurisdiction; we may issue a writ of mandamus only against a judge of a
district or county court in our district.  
Tex. Gov’t Code Ann. § 22.221(b) (Vernon 2004).  That jurisdiction does not extend to other
parties, such as district attorneys or district clerks, unless such mandamus
relief would be necessary to enforce our jurisdiction.  Tex.  Gov’t Code Ann. § 22.221(a) (Vernon 2004);
see also In re Brown, No. 06-10-00158-CR, 2010 Tex. App. LEXIS 7215 (Tex.
App.—Texarkana Sept. 2, 2010, orig. proceeding); In re Washington, 7 S.W.3d 181, 182–83 (Tex. App.—Houston [1st
Dist.] 1999, orig. proceeding); In re
Coronado, 980 S.W.2d 691, 692–93 (Tex. App.—San Antonio 1998, orig.
proceeding).

            Bledsoe has failed to show himself entitled
to mandamus relief.[3]  We find no circumstances presented which
would make writs of mandamus issued against either the Harrison County District
Attorney or the Harrison County District Clerk necessary to enforce our
jurisdiction.  Bledsoe has neither named nor
described a respondent over whom we have mandamus jurisdiction, nor
demonstrated an abuse of discretion regarding a ministerial duty.

            We dismiss Bledsoe’s petition for
writ of mandamus for lack of jurisdiction.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          January 20, 2011         

Date
Decided:             January 21, 2011

 

Do Not
Publish

 

 

 

 











[1]The
style of Bledsoe’s petition names Black as respondent; in the body of his
petition, Bledsoe identifies both Black and Griff as respondents.  We take judicial notice that (a) the former
Harrison County District Clerk was Sherry Griffis, not “Griff”, and (b) as of
January 1, 2011, the Harrison County District Attorney is Coke Solomon and the
Harrison County District Clerk is Melinda Craig.

 





[2]It
appears that Bledsoe is complaining that he has “received no response from
respondent regarding Relator’s request for transmittal of a copy of the
application for Judgment Nunc Pro tunc any answer filed or a certificate
reciting the date it was filed.” 
Although Bledsoe has attached to his petition a file-marked copy of the
State’s response to his application for judgment nunc pro tunc, the copy of the
application for judgment nunc pro tunc he has presented to this Court is not
file marked.  In his prayer, Bledsoe asks
(1) that we find an abuse of discretion in denying Bledsoe time credit; (2)
that we order transmittal of a copy of Bledsoe’s application for judgment nunc
pro tunc, any answer filed to this Court, along with a “certificate reciting
the date upon which that finding was made to the 6th Court of Appeals”; and (3)
that we “inspect the nunc pro tunc,” and “reevaluate the length of flat time
afforded.”  Bledsoe goes on to ask we “update
and correct the figures which are sent to the Department of Criminal Justice.”  Given that Bledsoe has provided a copy of his
application for judgment nunc pro tunc and the State’s response, at least two of
the documents he seeks are in his possession. 
We are not clear what Bledsoe means by “certificate reciting the date
upon which that finding was made to the 6th Court of Appeals.”





[3]The
standard for mandamus relief articulated by the Texas Court of Criminal Appeals
requires the relator to establish that: 
(1) there is no adequate remedy at law to redress the alleged harm; and
(2) only a ministerial act, not a discretionary or judicial decision, is being
sought.  State ex. rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  Due to the nature of this remedy, it is
Bledsoe’s burden to properly request and show entitlement to the mandamus
relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.]
1992, orig. proceeding) (per curiam) (“Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.”).