Opinion issued July 14, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00575-CV

———————————

The Bennett/Nguyen Joint Venture and Bob Bennett, a/k/a Robert S.
Bennett,
Appellants

V.

Kelly
Coghlan and Coghlan & Associates, Appellees



 



 

On Appeal from the County Civil Court at Law No. 2

Harris County, Texas



Trial Court Case No. 759593-401

 



 

MEMORANDUM OPINION

          This
is an appeal of a turnover order.  On April
28, 2011, this Court notified appellants, The Bennett/Nguyen Joint Venture and
Bob Bennett, a/k/a Robert S. Bennett (collectively, “Bennett”), that they had
failed to timely file a brief and that their appeal may be dismissed for want
of prosecution if they failed to file a brief by May 18, 2011.  We also informed appellees, Kelly Coghlan and
Coghlan & Associates (collectively, “Coghlan”), that they may respond to
the notice.

On May 18, 2011, Bennett filed a
motion to extend time to file an appellant’s brief.  In this motion, Bennett stated that the trial
court entered an order on November 30, 2010, distributing the money collected
pursuant to the challenged turnover order to pay the outstanding judgment.  

          Also
on May 18, 2011, Coghlan responded to this Court’s notice.  Coghlan likewise stated that the judgment
supporting the turnover order was satisfied following the trial court’s
November 30, 2010 order to disburse money collected pursuant to the turnover
order.  Coghlan argued that this Court
lacked jurisdiction over the appeal because the cause is now moot.  We agree.[1]

          Standing
is implicit in the concept of subject-matter jurisdiction.  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  To
have standing, a controversy must exist between the parties at every stage of
the legal proceedings, including the appeal. 
Williams v. Lara, 52 S.W.3d
171, 184 (Tex. 2000).  “If a controversy
ceases to exist—‘the issues
presented are no longer “live” or the parties lack a legally cognizable
interest in the outcome’—the case
becomes moot.”  Id.

A post-judgment turnover order is a
procedural device allowing judgment creditors to reach assets of a debtor that
are otherwise difficult to attach or levy on. 
Bahar v. Lyon Fin. Servs., Inc.,
330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied) (quoting Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 224 (Tex. 1991)).  Thus, a
turnover order is “a vehicle for the collection of the judgment.”  Pandozy
v. Beaty, 254 S.W.3d 613, 617 (Tex. App.—Texarkana 2008, no pet.).  When the judgment underlying the turnover
order is paid, the turnover order is of no further force and effect.  See id.
(holding that turnover order “became immediately moot when the judgment which
it was issued to enforce was satisfied”).

Because both parties agree that the
judgment for which the turnover order was issued to enforce has been satisfied,
any issues relating to the validity or enforceability of the turnover order are
moot, and this Court lacks standing to consider this case on the merits.  See id.;
see also Williams, 52 S.W.3d at 184
(“If a controversy ceases to exist—‘the issues presented are no longer “live” or the parties lack a legally
cognizable interest in the outcome’—the case becomes moot.”).  

Accordingly, we dismiss this
case for want of jurisdiction and dismiss all pending motions as moot.

PER CURIAM

 

Panel
consists of Justices Keyes, Higley, and Massengale.

 











[1]
          On June 2, 2011, this Court
notified Bennett that we intended to dismiss this appeal as moot and stated
that any response to the notice was due by June 13, 2011.  We received no response.