

# NUMBER 13-10-00377-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

LEOPOLDO LEAL,                                                                 Appellant,

v.

KING RANCH, INC.,
AND OTHER UNKNOWN PERSONS,                                   Appellees.

---

### On appeal from the 347th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Leopoldo Leal, appeals from an order declaring him to be a vexatious litigant. We dismiss the appeal as stated herein.

## I. BACKGROUND

Leal brought suit against King Ranch, Inc. ("King Ranch") and "other unknown persons" over title to real property. King Ranch filed a "Motion to Declare Plaintiff a Vexatious Litigant and Request for Security." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–.104 (West 2002).[1] The trial court conducted a hearing on the motion pursuant to the Texas Civil Practice and Remedies code. On July 7, 2010, the trial court granted the motion, declared Leal to be a vexatious litigant, and ordered him to pay security "to guarantee payment to Defendant for reasonable expenses, including its costs and attorneys' fees incurred in the defense of this lawsuit." This order provided that the trial court would dismiss the case if Leal did not provide the requisite security within a specified period of time.

Leal timely filed a notice of appeal of this order on July 13, 2010. When Leal failed to furnish security as required by the order, the trial court dismissed the case on August 9, 2010. *See id.* §§ 11.055–.056. Consequently, the interlocutory order declaring Leal to be a vexatious litigant merged into the final judgment and became appealable. *See Douglas v. Am. Title Co.,* 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.).[2]

---

[1] A trial court's determination that an appellant is a vexatious litigant is reviewed under an abuse of discretion standard. *See Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied); *Pandozy v. Beaty*, 254 S.W.3d 613, 619 (Tex. App.—Texarkana 2008, no pet.). The trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *See Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

[2] The Court has previously considered two petitions for writ of mandamus filed by appellant arising from this same trial court proceeding, including a petition for writ of mandamus seeking to set aside the order subject to appeal herein. *See In re Leal*, No. 13-11-00092-CV, 2011 Tex. App. LEXIS 1804, at *1 (Tex. App.—Corpus Christi Mar. 9, 2011, orig. proceeding) (per curiam mem. op.) (denying petition for writ of mandamus seeking to compel the trial court to enter judgment in Leal's favor); *In re Leal*, No.

The clerk's record in this appeal was filed on November 18, 2010. On January 21, 2011, the Clerk of the Court notified Leal that his brief was due on December 20, 2010, that it had not been filed, and that the appeal was subject to being dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3. On January 24, 2011, the Court received a response from Leal stating that "plaintiff filed his appeal, paid his filing fee for the appeal, and has waited for defendant to file a brief, so that plaintiff can reply, pursuant to the Texas Rule of Appellate Procedure."

On January 28, 2011, the Court notified Leal that an appellant must file a brief within thirty days from the date the clerk's record is filed, or the date that the reporter's record is filed, whichever is later, and that an appellee is required to file a brief within thirty days after the date appellant's brief was filed. *See id.* R. 38.6(a). The Court reiterated that Leal's brief was due on December 20, 2010 and that it had not been filed. The Court further notified Leal that: "[u]nless within ten (10) days from the date of receipt of this letter, appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief, this appeal shall be dismissed for want of prosecution." *See id.* R. 38.8(a)(1).

On February 18, 2011, Leal filed a document in this cause titled "Petition for Writ of Mandamus" which states that it is a "[f]ollow up on the BRIEF requested by the Court of Appeals." Upon review of this document, we concluded that it contained numerous defects and that Leal did not properly present his case in a brief to this Court. *See id.* R.

13-10-00434-CV, 2010 Tex. App. LEXIS 6327, at **1–2 (Tex. App.—Corpus Christi Aug. 4, 2010, orig. proceeding) (per curiam mem. op.) (denying petition for writ of mandamus seeking to compel the trial court to vacate her July 7, 2010 order).

38.9.  The brief failed to comply with Texas Rule of Appellate Procedure 38.1 concerning the substantive requirements for an appellant's brief.  Specifically, the document did not state concisely all issues or points presented for review; did not state concisely and without argument the facts pertinent to the issues or points presented as required by Rule 38.1(d); did not contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record; and did not contain an appendix as required by Rule 38.1(j).[3]

On March 25, 2011, King Ranch filed a "Motion for Involuntary Dismissal" based, in part, on the deficiencies in appellant's brief.  On June 13, 2011, the Court entered an order striking appellant's brief and abating this matter to allow appellant to redraw his brief.  *See id.* R. 38.9(a), (b).  We ordered Leal to file, within fifteen days, an amended brief that complied with the above rules.  We directed Leal that, in accordance with Rule 38.1, the facts pertinent to the appeal and the issues and argument presented in the brief must be clear and concise.  We informed Leal that if he filed an amended brief that failed to comply with our order and the Texas Rules of Appellate Procedure, the Court could strike the brief, prohibit Leal from filing another, and proceed as if Leal had failed to file a brief, under which circumstances, the Court may dismiss the appeal for want of prosecution and Leal's failure to comply with this Court's directive and the appellate rules*. See id.* R. 38.8(a)(1), 42.3(b),(c).  We informed Leal that the appeal would be reinstated upon the expiration of fifteen days or the date that Leal's amended brief was filed, whichever occurred first.

---

[3] Moreover, we are unable to construe this document as a petition for writ of mandamus because Leal filed a notice of appeal from an appealable order, and further, the document fails to comply with the appellate rules pertaining to original proceedings.  *See* TEX. R. APP. P. 52.

On June 22, 2011, the Court received Leal's "Amended Brief in Support of Plaintiff's Petition for Writ of Mandamus."  The amended brief fails to comply with Texas Rule of Appellate Procedure 38.1 concerning the substantive requirements for an appellant's brief.  Specifically, for example, the document does not state concisely all issues or points presented for review as required by Rule 38.1(f); the document does not state concisely and without argument the facts pertinent to the issues or points presented as required by Rule 38.1(g); does not contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record; as required by Rule 38.1(i); and does not contain an appendix as required by Rule 38.1(j).

On June 30, 2011, appellee, King Ranch, Inc., filed an amended motion for involuntary dismissal based, inter alia, on the foregoing deficiencies in Leal's amended brief.  On July 11, 2011, Leal filed a response to the amended motion for voluntary dismissal.

## II. ANALYSIS

Pro se litigants, such as Leal, "are not exempt from the rules of procedure." *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).  Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure.  *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney.  *Mansfield State Bank*, 573 S.W.2d at 184–85; *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 693 (Tex. App.—Dallas 2008, no pet.).

5

Accordingly, Leal must comply with the applicable laws and rules of procedure. *Mansfield State Bank*, 573 S.W.2d at 185.

Appellate briefs are to be construed reasonably so as to preserve the right to appellate review. *El Paso Natural Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999). Nevertheless, substantial compliance with the rules is required. *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.], 1999, no pet.). To comply, an appellant must provide a discussion of the facts and authorities relied upon necessary to a resolution of the issues raised in the brief. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 129 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

Failure to substantially comply with the requirements of Texas Rule of Appellate Procedure 38 results in waiver of the issues on appeal. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). In particular, the failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint. *See Lundy v. Masson*, 260 S.W.3d 482, 503 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Bare assertions of error, without citations to the record or to authority, are insufficient to preserve error for our review. *Bufkin v. Bufkin*, 259 S.W.3d 343, 354 (Tex. App.—Dallas 2008, pet. denied). Similarly, references to sweeping statements of general law without applicable existing legal authority are rarely appropriate and do not satisfy rule 38. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). An appellate

6

court has no duty or right to perform an independent review of the record and applicable law to determine whether there was error. *Valadez*, 238 S.W.3d at 845.

"A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." TEX. R. APP. P. 44.3. A reasonable time is given to an appellant when he is provided with an opportunity to amend his brief. *See Fredonia State Bank*, 881 S.W.2d at 284. The Court allowed Leal a reasonable time and the opportunity to redress the defects in his original brief; however, Leal's amended brief still fails to substantially comply with the appellate rules.

## III. CONCLUSION

Accordingly, we REINSTATE the appeal. We DISMISS the "First Motion for Involuntary Dismissal" as moot. We GRANT the "Second Motion for Involuntary Dismissal." We STRIKE the amended brief, prohibit Leal from filing another, and proceed as if Leal had failed to file a brief. Accordingly, we DISMISS this appeal for want of prosecution, for Leal's failure to comply with the appellate rules, and for Leal's failure to comply with a directive from this Court. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b)(c); *Newman v. Clark*, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no pet.).

Gregory T. Perkes
Justice

Delivered and filed the
4th day of August, 2011.

7