

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00170-CV

ARCADE J. COMEAUX, JR., APPELLANT

V.

SHELLIE HAMILTON, RN,
DR. DHARIAJLAL PATEL, ET AL, APPELLEES

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 101331-E, Honorable Douglas Woodburn, Presiding

March 17, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Arcade J. Comeaux, Jr., proceeding *pro se*, appeals an order entered by the trial court declaring Comeaux a vexatious litigant.[1]  We will reverse.

---

[1] The order from which Comeaux attempts to appeal does not even purport to dispose of all issues and parties in his suit against appellees.  While this raises an issue concerning our jurisdiction to hear this appeal, we are persuaded by the Texarkana court's analysis finding jurisdiction over a similar order in *Pandozy v. Beaty*, 254 S.W.3d 613, 618-19 (Tex. App.—Texarkana 2008, no pet.).

Comeaux's sole issue on appeal is:

> Whether the trial court erred, abused its discretion and action(s) violated the due process clause of both the statute and the constitutions when it declared appellant a "vexatious litigant" on its own motion without the mandatory notice, hearing and process required by the statutory's provision(s) and whether it erred in its dismissal of the case.

Appellees, Shellie Hamilton, Dhariajlal Patel, and Kirk Heil, filed a motion to dismiss this appeal on December 7, 2013. By letter dated January 8, 2014, this Court denied appellees' motion. On January 31, 2014, appellees filed an "admission of procedural error," in which they admit that the trial court did not give Comeaux notice and a hearing before declaring Comeaux a vexatious litigant, as required. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.053(a) (West 2002), .101(a) (West Supp. 2013); *Turner v. Grant*, No. 07-11-00250-CV, 2011 Tex. App. LEXIS 9250, at *6-9 (Tex. App.—Amarillo Nov. 22, 2011, no pet.) (mem. op.).

We review a determination that a person is a vexatious litigant under an abuse of discretion standard. *Pandozy*, 254 S.W.3d at 619. We have reviewed the record and determined that it does not contain any form of notice to Comeaux, and there is no indication that the trial court held the required evidentiary hearing before declaring Comeaux a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.053(a), .101(a). Further, the record does not contain any evidence to support a declaration that Comeaux is a vexatious litigant. *See id.* § 11.054 (West Supp. 2013); *Turner*, 2011 Tex. App. LEXIS 9250, at *7-8. Consequently, the trial court abused its discretion in entering an order declaring Comeaux a vexatious litigant.

As such, we reverse and render judgment vacating the trial court's April 9, 2013 Order declaring Comeaux to be a vexatious litigant.  *See* TEX. R. APP. P. 43.2(c).


Mackey K. Hancock
Justice